US FIRE INSURANCE CO V. ALSUP

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-395-CV

UNITED STATES FIRE INSURANCE COMPANY APPELLANT

V.

WILLIAM J. ALSUP APPELLEE

------------

FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

In this workers’ compensation case, Appellant United States Fire Insurance Company (“U.S. Fire”) appeals from the trial court’s order granting summary judgment to Appellee William J. Alsup.  We affirm.  

Factual and Procedural Background

Dedicated Logistics Services (“DLS”) is an employee leasing company.  U.S. Fire is the workers’ compensation insurance carrier for DLS.  William Alsup was employed as a truck driver by DLS and assigned to work for Mackie Automotive Systems (“Mackie”).  Alsup contends that on February 19, 1999, he sustained a back injury while working for Mackie when he tripped over a bolt and fell at work.  Shortly after the alleged accident, Alsup sought medical attention and later filed a workers’ compensation claim for injuries sustained in the accident.  Although the medical records before May 1999 do not mention that Alsup’s injury resulted from tripping over a bolt at work, Alsup’s “Patient Information Form” from his treating physician’s office indicates that his initial visit was on February 22, 1999, and that he thought he might have been injured.

While DLS claims that it was not notified until May 7, 1999, Alsup asserts that within thirty days of the accident he notified both Mackie and DLS that he was injured at work.  Aimee Wilson, a Mackie employee, provided a sworn affidavit stating that she was aware of Alsup’s injury within thirty days after it occurred and that she reported Alsup’s injury to her supervisor and the Production/Quality Manager for Mackie.  Wilson further attests that on several occasions she participated in conversations wherein Alsup and the Production Senior Supervisor for Mackie discussed Alsup’s injury.  Although Wilson was not Alsup’s supervisor at the time of the accident, she was promoted within thirty days of the accident.  After her promotion, Wilson directly supervised Alsup and controlled the details of his daily work.

U.S. Fire disputed Alsup’s workers’ compensation claim, and the matter was tried before a hearing officer at the Texas Workers’ Compensation Commission (“TWCC”).  The hearing officer found in favor of Alsup, and U.S. Fire was ordered to pay benefits.  After the TWCC appeals panel affirmed the hearing officers’ decision and order, U.S. Fire sought judicial review in district court based on two issues.  First, U.S. Fire disputed the determination that an injury occurred in the course and scope of employment.  Second, U.S. Fire asserted that the alleged injury was not reported within thirty days as required by the Texas Workers’ Compensation Act (“TWCA”).  Because U.S. Fire appealed from the appeals panel's findings, it had the burden to prove by a preponderance of the evidence that Alsup did not suffer a compensable injury on February 19, 1999, and did not notify his employer within thirty days of the alleged accident.  
See
 
Tex. Lab. Code Ann
. § 410.303 (Vernon 1996).

Alsup moved for summary judgment arguing that there were no justiciable issues of fact to be resolved by a trier of fact and that he was entitled to judgment as a matter of law.  The trial court granted summary judgment.  U.S. Fire appeals from the trial court’s order granting summary judgment to Alsup, reasserting that material questions of fact exist as to whether there was an injury within the course and scope of employment and whether Alsup timely reported his alleged injury to his employer.  

Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(c); 
S.W. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  
S.W. Elec. Power Co., 
73 S.W.3d at 215;
 Rhone-Poulenc, Inc. v. Steel,
 997 S.W.2d 217, 223 (Tex. 1999); 
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965).  Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant.  
Great Am.
, 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and the evidence favorable to the nonmovant is accepted as true.  
Rhone-Poulenc,
 997 S.W.2d at 223; 
Harwell v. State Farm Mut. Auto. Ins. Co.
, 896 S.W.2d 170, 173 (Tex. 1995).  Evidence that favors the movant's position will not be considered unless it is uncontroverted.  
Great Am.
, 391 S.W.2d at 47.  The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law.  
Clear Creek Basin
, 589 S.W.2d at 678.  Summary judgment may be based on the movant’s uncontroverted evidence “if the evidence is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted.” 
Republic Nat’l Leasing Corp. v. Schindler
, 717 S.W.2d 606, 607 (Tex. 1986). 

Discussion

Timely Reporting

This case turns on the interpretation of section 409.001 of the TWCA, which states:

(a) An employee or a person acting on the employee’s behalf shall notify the employer of the employee of an injury not later than the 30th day after the date on which: 

(1) the injury occurs; or 

(2) if the injury is an occupational disease, the employee knew or should have known that the injury may be related to the employment.  

(b) The notice required under Subsection (a) may be given to: 

(1) the employer; or 

(2) an employee of the employer who holds a supervisory or management position. 

Tex. Lab. Code Ann.
 § 409.001. 

U.S. Fire maintains that Alsup did not satisfy the notification requirement of section 409.001 because he failed to notify DLS of his injury within thirty days of the alleged incident.  U.S. Fire denies that notification to Mackie satisfies the notice conditions set forth in the TWCA because Mackie does not qualify as an employer under the TWCA.  Consequently, whether Alsup met the notification requirement is determined by whether Mackie is an employer as defined by Texas workers’ compensation law.  

Alsup maintains that the term “employer” as it applies in the workers’ compensation context should be defined by the common law “right of control” test.  
Garza v. Excel Logistics, Inc.
, 100 S.W.3d 280, 283-84 (Tex. App.—Houston [1
st
 Dist.] 2002, no pet.).  The right of control test applies in both a borrowed-servant situation and a dual employer situation.  
Id
. at 284. Neither party disputes that Mackie had direct control over the details of Alsup’s work.  Thus, under the right of control test, Mackie qualifies as an employer under Texas workers’ compensation law.

Conversely, U.S. Fire asserts that the definition of employer under the TWCA controls and urges the court to disregard the right of control test.  Section 401.011(18) of the TWCA states that “‘[e]mployer’ means, unless otherwise specified, a person who makes a contract of hire, employs one or more employees, and has workers’ compensation insurance coverage.” 
 Tex. Lab. Code Ann
. § 401.011(18) (Vernon Supp. 2003).

The crux of U.S. Fire’s argument is that although Alsup informed Mackie of his injury within thirty days of the alleged accident, he did not meet the notification requirements of the TWCA because his employer is DLS and not Mackie.  U.S. Fire relies on 
Archem Company v. Austin Industrial Inc.
,
 
to assert that there can only be one employer in the application of workers’ compensation law.  
804 S.W.2d 268, 269 (Tex. App.—Houston [1
st
 Dist.] 1991, no writ) (op. on reh’g).  Under 
Archem
, only one party is the employer and all other parties are treated as third parties.  
Id.  
U.S. Fire argues that because Alsup concedes that DLS is his employer, Alsup cannot now claim that Mackie is his employer or, in the alternative, that DLS and Mackie both qualify as employers.  

The Texas Supreme Court, however, recently disapproved 
Archem 
and the line of cases that follow its reasoning, stating that the purpose of the TWCA is frustrated when there can only be one employer for workers’ compensation purposes.  
Wingfoot Enters. v. Alvarado
, 111 S.W.3d 134, 149 (Tex. 2003).  The court reasoned that the purposes of the TWCA are best served by a definition of employer that may, at times, encompass more than one employer.  
Id
. at 142.  As Justice Owen pointed out for the majority: 

An employee injured while working under the direct supervision of a client company is conducting the business of both the general employer and that employer’s client.  The employee should be able to pursue workers’ compensation benefits from either. . . .  Further, an employee should not be placed in the position of trying to determine, perhaps at his or her peril, which of two entities was his or her employer on any given day or at any given moment during a day.

Id
. at 143.

In 
Wingfoot
, the supreme court decided whether a general employer that provides workers’ compensation coverage can rely on the exclusive remedy provision of the TWCA when the employee was injured while working under the course and scope of the special employer.
  
Id.
 at 137-38.  Although the supreme court was addressing the TWCA’s exclusive remedy provision rather than the its notification provision, the court’s analysis applies to the case at hand.  In both instances, the primary issue rests on the definition of employer under the TWCA, specifically whether the TWCA’s definition of employer may encompass both a general and special employer.  The supreme court determined that there was nothing in the TWCA’s definition of employer that expressly precluded more than one entity from falling within the its definition of employer.  
Id.
 at 139-40.  Recognizing the purposes of the TWCA and expressing an intent to promote its overall intent to protect workers, the court determined that, “the [TWCA’s] decided bias in favor of employers electing to provide coverage for their employees supports our conclusion that the [TWCA] permits more than one employer for workers’ compensation purposes.”  
Id
. at 140. 

Alsup was employed by DLS, which assigned Alsup to work at Mackie.  In situations such as this, the company that assigns the employee is termed the “general employer” while the second company is referred to as the “special employer.”  
Rodriguez v. Martin Landscape Mgmt. Inc.
, 882 S.W.2d 602, 604 (Tex. App.—Houston [1
st
 Dist.] 1994, no writ).  As such, DLS was the general employer and Mackie was the special employer.  The question at hand is whether the general employer, the special employer, or both qualify as an employer under the TWCA. 

In light of the supreme court’s decision in 
Wingfoot
, both DLS and Mackie may be Alsup’s employer in the context of workers’ compensation law.  Thus, Alsup is not precluded from protection under the TWCA simply because he admits that DLS is his employer.  Because Texas now recognizes multiple employers in the workers’ compensation setting and U.S. Fire does not dispute that Alsup timely informed his supervisor at Mackie
, we hold that there is no material issue of fact as to whether Alsup complied with the notice requirements under the TWCA.

Injury In The Course And Scope Of Employment

U.S. Fire also contends that summary judgment was improper because there was a material issue of fact as to whether Alsup suffered an injury within the course and scope of employment.  U.S. Fire argues that the evidence does not support Alsup’s claims that the injury occurred at work because Alsup’s medical records do not mention a tripping incident until a physician’s report dated May 19, 1999.  This alone, however, does not create a fact issue where U.S. Fire offers no evidence to controvert either the medical records or Alsup’s sworn statement that he was injured while working in the course and scope of his employment.
  While the physician’s notes do not mention how the injury occurred
 until May 19, 1999, Alsup’s medical records reveal that his initial visit for the injury to his back was within days of the alleged accident.  At Alsup’s initial visit, he filled out a Patient Information Form indicating that he thought he may have been injured.  In addition, the physician’s note on May 19, which mentions how Alsup was injured, also indicates that he was treating Alsup on one of several follow-up visits for the initial visit on February 22, 1999.  U.S. Fire relies on the fact that Alsup’s treating physician did not record the cause of Alsup’s injury until May 19, 1999, but provides nothing to actually contradict the occurrence of the injury. 

U.S. Fire also disclaims that Alsup’s injury occurred within the course and scope of employment because Alsup’s named eye witness, Edward Kennedy, provided a sworn statement that he did not, in fact, witness the tripping incident.  Kennedy does not claim in his statement that the accident did not occur; he only claims that he did not witness the event.  Again, U.S. Fire seeks to create a fact issue based on the absence of evidence without generating evidence to the contrary. 

T
hat Kennedy did not witness the accident and that the cause of Alsup’s injury is not mentioned in the early notes of the treating physician is incidental to the issue at hand and fails to contradict the evidence provided by Alsup.  Because there is no controverting evidence showing the injury did not occur, we hold that the trial court properly granted summary judgment regarding whether Alsup was injured in the course and scope of his employment.

Conclusion

Having overruled Appellant’s sole issue, we affirm the trial court’s judgment. 

DIXON W. HOLMAN

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DELIVERED: September 25, 2003