Stephen MILES, et ux., Appellant,

v.

PLUMBING SERVICES OF HOUSTON, INC., Appellee.

No. C14–83–111CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 26, 1984.

Jacalyn D. Scott, Joseph J. Halbach, Jr., Bonham, Carrington & Fox, Houston, for appellant.

Richard Powell, Briscoe, Powell & Taylor, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

SEARS, Justice.

The opinion of this Court delivered March 8, 1984 is hereby withdrawn and the following delivered in its stead.

This appeal is from a judgment in favor of a Subcontractor against the Owners of a house to which the Subcontractor contributed material and labor. It presents the question of whether privity of contract existed between the Subcontractor and Owners. We hold that there was no privity of contract between the Subcontractors and Owners, therefore, the Subcontractor has

no cause of action against the Owners for breach of contract. We reverse and render that portion of the trial court's judgment which awards damages against appellants.

This suit arose from a written contract for plumbing material and labor executed July 1979 by appellee as Subcontractor and David Carl as general Contractor, and the contract identifies appellants as Owners. The contract is signed "by David Carl" as Contractor and Stuart Torres, the President of Plumbing Services, signed as Subcontractor. The contract provided that appellee was to be paid in five draws, with each draw paid upon the completion of a specific phase of the project. Appellee completed all the work for the first two draws and received payment. The parties then decided to delay the work under the third draw until completion of the work under the fourth draw. After appellee completed the work under the fourth draw, Carl and appellants refused to pay. Appellee interpreted this action as a repudiation of the contract and chose to exercise its option to suspend performance. On January 24, 1980 appellants filed suit against the appellee alleging breach of contract by appellee. On March 4, 1980 appellee filed suit against the appellants and Carl for breach of contract, an action on a sworn account and for foreclosure of a mechanics' lien. These suits were consolidated on July 14, 1982. At trial, appellants nonsuited their action against appellee. Appellee did not pursue its action for sworn account and its action for foreclosure of mechanics' lien at trial, and relied solely on its action for breach of contract. The trial court entered judgment against appellants and David A. Carl. David Carl is not a party to this appeal.

Appellants allege five points of error on the appeal. Only the first two points will be discussed since they are dispositive of this appeal. Appellants allege in point of error one that the trial court erred in rendering judgment against them because there is no evidence that a contractual relationship existed between the parties. We agree.

For appellee, as the Subcontractor, to recover a judgment against appellants, as the property owners, appellee must have introduced evidence of privity of contract with appellants. *Calvin V. Koltermann, Inc. v. Underream Piling Co.,* 563 S.W.2d 950, 955 n. 1 (Tex.Civ.App.—San Antonio 1977, writ ref'd n.r.e.); *Sugarland Business Center, Ltd. v. Norman,* 624 S.W.2d 639, 641 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). We must, therefore, review the record to determine if there is any evidence of privity of contract between appellee and appellants.

Appellants did not execute the contract for plumbing material and labor, therefore appellee must rely on the theory that David Carl was acting as agent for the appellants in the execution of the contract with the appellee. Appellee had the burden to prove agency; it cannot be presumed to exist. *Johnson v. Owens,* 629 S.W.2d 873, 875 (Tex.Civ.App.—Fort Worth 1982, writ ref'd n.r.e.). Appellee argues the fact that the signature of the Contractor on the agreement was "by David A. Carl" and that the space provided for identification of the Contractor was left blank demonstrates that appellants were the Contractor and that David Carl was acting as their agent. This is a conclusion which is not supported by the evidence. Appellee's argument that appellant was in fact the contractor is refuted by the testimony of appellee's owner, Stu Torres. He testified that David Carl was the Contractor and that his contract was with Carl. In response to questions by the Court, appellee's attorney also admitted at trial that the "by David A. Carl" signature probably meant that Carl was the Contractor. Mr. Torres also stated that he received the instruction to bidders, the bid form, the plans and specifications as well as instructions from Carl.

The face of the agreement expressly states that it is between the Contractor and

Subcontractor, as the primary parties. The agreement does not include the Owners as parties. Since the admissions of appellee's owner and its counsel establish that Carl was the Contractor, the possibility that Carl was acting as agent for appellants must be developed by some other proof or documentation. Appellee has completely failed to prove the essential elements of an agency relationship. It failed to produce evidence that David Carl was acting in a representative capacity when he executed the contract or that appellants had granted authority to David Carl to contract on their behalf. See *Tamburine v. Center Savings Association*, 583 S.W.2d 942 (Tex.Civ.App. —Tyler 1979, writ ref'd n.r.e.).

Appellee argues that appellants ratified the contract through the following actions: 1) Appellant, Marilyn Miles, from time to time instructed Stuart Torres regarding work to be completed on the house; 2) A real estate company owned by appellants issued payments due under the contract to appellee; 3) Two change orders to the contract were issued and signed by appellant, Marilyn Miles; and 4) The notification of a refusal to pay any more money was issued and signed by appellant, Marilyn Miles. To establish ratification of the contract by appellants, appellee had the burden to show some act of appellants which clearly evidenced an intent to agree to be obligated to all the material terms of the contract. *Daugherty v. McDonald*, 407 S.W.2d 954 (Tex.Civ.App.—Fort Worth 1966, no writ). The fact that appellants made and refused payments and gave instructions as to work changes directly to the Subcontractor in no way reflects an intent to become a party to the contract. It was simply more practical for appellant to deal directly with the Subcontractor than to deal through the Contractor. None of appellant's acts constituted ratification.

We can find no evidence of privity of contract between the appellee and appellants, therefore, the trial court erred in rendering judgment against appellants for breach of contract.

Appellee urges this court to find that appellants are judicially estopped from asserting on appeal that they were not parties to the contract, because they took the contrary position in their breach of contract action against the appellee. Under the doctrine of judicial estoppel, a party may be estopped by alleging or admitting under oath in his pleadings a position contrary to the assertion sought to be made. *Long v. Knox*, 155 Tex. 581, 291 S.W.2d 292 (1956). The purpose of the doctrine of judicial estoppel is to uphold the sanctity of the oath, and to eliminate the prejudice which would result to the administration of justice if a litigant were to swear one way one time and a different way another time. Thus the doctrine of judicial estoppel does not apply unless the party has taken a contrary position under oath. *Yarber v. Pennell*, 443 S.W.2d 382, 384 (Tex.Civ.App. —Dallas 1969, writ ref'd n.r.e.). This doctrine is not applicable to appellants because their pleadings in the breach of contract action against appellee were unsworn and they nonsuited this cause of action prior to trial. The doctrine of equitable estoppel likewise does not apply, because appellee has not established the essential elements of reliance and injury. *Long v. Knox*, 291 S.W.2d at 295.

Appellee also contends that appellants have waived the right to appeal the judgment against them because appellants failed to file a verified pleading under Rule 93(2) of the Texas Rules of Civil Procedure. Rule 93(2) does not require a party who is sued for breach of contract to allege in a verified pleading that he is not a party to the contract. In a breach of contract action, the plaintiff has the burden to prove that the defendant has obligated himself under the contract; the defendant's denial of this element does not constitute an affirmative defense under Rule 93. Rule 93(2) was intended instead to require parties who may have been sued in a mis-

taken legal capacity to point out that possibility in a verified pleading.

Appellants' second point of error concerns the failure of appellee to plead or prove any alternate theory of recovery. We have reviewed the record, and having found no breach of contract action against appellant, we further find no pleadings or proof of any other theory of liability. Appellants first and second points of error are sustained.

We reverse the portion of the trial court's judgment which awards damages against the appellants and render judgment that appellee take nothing against appellants.