Donna Hellman OWEN, Appellant,

v.

Kenneth H. KNOP and Kenneth H. Knop, P.C., Appellees.

No. 13–92–105–CV.

Court of Appeals of Texas,
Corpus Christi.

March 18, 1993.

Rehearing en banc Overruled and
Motion to Publish Granted
May 6, 1993.

John H. Holloway, Houston, for appellant.

Sam W. Cruse, Jr., Billy Shepherd, Houston, for appellees.

Before DORSEY, KENNEDY and SEERDEN, JJ.

## OPINION

DORSEY, Justice.

Owen appeals from a take-nothing judgment rendered in this legal malpractice case. The trial court granted a motion for summary judgment on the ground that judicial estoppel applied to bar Owen's cause of action.[1] By eleven points of error, appellant contends that the trial court improvidently granted the motion. The trial court's judgment is affirmed.

This action arises from a medical malpractice suit filed by Owen against Dr. Luis Mateo and Memorial Hospital Southwest, alleging that Mateo misdiagnosed a

---

1. Knop filed a "Motion for Directed Judgment" based on judicial estoppel just prior to trial. The document is, in substance and legal effect, a Motion for Summary Judgment, and we will treat it as such. Appellant expressly waives any procedural error with regard to the timeliness of the motion.

lymph node biopsy in 1983. In 1984, Owen learned that she had Hodgkin's disease, which had progressed to an advanced stage as a result, she later determined, of Mateo's earlier misdiagnosis.

Mateo diagnosed the biopsy on January 10, 1983. Owen filed her medical malpractice suit on August 30, 1985. Mateo and the Hospital responded with motions for summary judgment, contending that the two-year statute of limitations applied to bar the medical malpractice action.[2] Owen filed a verified response, swearing that

> she did not have knowledge of the negligence of Dr. Mateo or of the technicians of the hospital where such pathology was determined until March 22, 1985, when she was informed of the erroneous diagnosis by Dr. James Lewis, and denies that she could have known or should have known of the error in diagnosis of the biopsy specimen by Dr. Mateo until said date.

Owen also verified that Knop, her attorney, had no knowledge of a cause of action before January 9, 1985. In this manner, Owen alleged and verified that the discovery rule applied to save her cause of action.[3]

The trial court granted the defendants' motions for summary judgment, finding that Owen failed to timely file her medical malpractice action. Owen appealed the decision. While that appeal was pending, Owen filed this legal malpractice suit against Knop. She contended that if the Texas courts held her action barred by limitations, then Knop was liable for damages suffered as a result of his failure to timely file suit.

The Houston Court of Appeals affirmed the decision of the trial court, finding that the two-year statute of limitations applied to bar Owen's medical malpractice cause of action. The Texas Supreme Court, however, reversed that decision. The court found that Owen's deposition testimony, excerpts of which were filed as evidence to support Owen's response, indicated that Owen had

no cause to be alarmed about the accuracy of Mateo's biopsy report until January, 1985. The court then found that Owen did not receive conclusive information that Mateo committed error until March 1985. *See Hellman v. Mateo,* 772 S.W.2d 64, 66 (Tex. 1989). On this basis the court held that a fact issue existed regarding whether Owen knew or reasonably should have known, within two years of its occurrence, that Mateo committed malpractice. *See Hellman,* 772 S.W.2d at 65. The court remanded the case for trial on the merits.

Soon thereafter, before trial began, Owen settled with Mateo and the Hospital for $265,000.

Although the supreme court found that her medical malpractice case was not barred by limitations, Owen filed her First Amended Original Petition in her legal malpractice suit against Knop on September 30, 1991. She contended that,

> This suit arises out of the defendants' failure to timely file a medical malpractice suit, and to take other actions to preserve her claim for damages, [and] to avoid the defendants' right to assert the statute of limitations, a defensive plea which defeats her claim and materially minimizes the settlement value of the suit.

Owen contended that she retained Knop on October 29, 1984, to take necessary steps to protect her legal rights and that Knop failed to timely investigate and file her claim against Mateo. As a result, she states on appeal, she was forced to settle the underlying medical malpractice suit for less damages than she was entitled. She contends that "she received only a fraction of what settlement or judgment she otherwise would have received, because she was faced with the defense of statute of limitations due to her attorney's malpractice."

Knop responded that these claims were barred by judicial, equitable, and/or collateral estoppel because Owen could not deny that the claims in the medical malpractice

---

**2.** Tex.Rev.Civ.Stat.Ann. art. 4590i, § 10.01 (Vernon Pamphlet 1993); *Nelson v. Krusen,* 678 S.W.2d 918, 920 (Tex.1984).

**3.** *Nelson,* 678 S.W.2d at 923; *Gaddis v. Smith,* 417 S.W.2d 577, 580 (Tex.1967).

suit were not barred by limitations. Knop moved for summary judgment, contending that all of Owen's claims alleged that he allowed limitations to run on her action, when in fact Owen had sworn below that she did not know she possessed a cause of action against Mateo until March 22, 1985.

The trial court granted Knop's motion and entered a take-nothing judgment against Owen, from which she appeals.

By points of error one and two, Owen concedes that she alleged and swore that she and Knop could not have known of her cause of action against Mateo until after the two-year limitations period had expired. Owen contends, however, that statements pertaining to Knop's lack of knowledge were made inadvertently, as the result of a mistake, and that they were not the product of her personal knowledge. For those reasons, among others, she alleges that the statements should not be used to judicially estop her claims against Knop.

■ The doctrine of judicial estoppel bars a party, who has successfully maintained a position in a prior judicial proceeding, from later adopting an inconsistent position, unless that party can show the prior statement was made inadvertently due to mistake, fraud, or duress. *Long v. Knox*, 155 Tex. 581, 291 S.W.2d 292, 295 (1956); *Welder v. Welder*, 794 S.W.2d 420, 431 (Tex.App.—Corpus Christi 1990, no writ). One may not assert a position contrary to that alleged or admitted under oath in a former proceeding. *Long*, 291 S.W.2d at 295; *Izaguirre v. Texas Employers' Ins. Ass'n*, 749 S.W.2d 550, 555 (Tex. App.—Corpus Christi 1988, writ denied); *Miles v. Plumbing Servs. of Houston, Inc.*, 668 S.W.2d 509, 512 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

The prior statement made must have been deliberate, clear, and unequivocal. *Welder*, 794 S.W.2d at 431; *American Sav. & Loan Ass'n of Houston v. Musick*, 531 S.W.2d 581, 589 (Tex.1975). Moreover, the statement must have been taken under oath. *Miles*, 668 S.W.2d at 512. The rationale remains that the doctrine of judicial estoppel serves to "uphold the sanctity of the oath, and to eliminate the prejudice

which would result to the administration of justice if a litigant were to swear one way one time and a different way another time." *Miles*, 668 S.W.2d at 512; *accord*, *Moore v. Neff*, 629 S.W.2d 827, 829 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.); *Yarber v. Pennell*, 443 S.W.2d 382, 385 (Tex.Civ.App.—Dallas 1969, writ ref'd n.r.e.).

■ What Knop knew or should have known was not the relevant inquiry when determining whether the statute of limitations barred Owen's medical malpractice suit. The rule is well settled that the statute of limitations in a medical malpractice case does not begin to run until the patient learns of, or in the exercise of reasonable care and diligence should have learned of, the alleged malpractice. TEX.REV.CIV.STAT. ANN. art. 4590i, § 10.01; *Nelson*, 678 S.W.2d at 920; *Gaddis*, 417 S.W.2d at 580; *accord*, *Martin v. Cohen*, 804 S.W.2d 201, 203–04 (Tex.App.—Houston [14th Dist.] 1991, no writ); *Gatling v. Perna*, 788 S.W.2d 44, 46 (Tex.App.—Dallas 1990, writ denied).

Owen contended in her last live, verified pleading in the medical malpractice action that she discussed with Knop a possible cause of action against Mateo on October 29, 1984. She alleged and swore in that pleading, however, that at the time she had no conclusive evidence that Mateo had in fact committed an act of malpractice. It was not until March 22, 1985, that Owen became aware of facts giving rise to her action.

■ On the date that Owen swears she learned of her cause of action, and not before, Knop was imputed with that same knowledge. Owen's contention that Knop should have investigated her case and learned of her action before that date imputed that duty on the wrong party. The statute of limitations begins to run when a patient should have, in due diligence, learned of the existence of her cause of action. Owen did not absolve herself of her duty to seek out the existence of facts giving rise to her claim by discussing the possibility of a suit with her attorney.

Owen contends that her sworn statement that she did not know of her cause of action against Mateo until March 22, 1985, was made without her personal knowledge. This contention is without merit. Similarly, Owen cannot in good faith maintain that the statement was made inadvertently, as the result of a mistake. Owen must be held to her earlier, sworn contention that the statute of limitations had not run when she filed suit, and she cannot now maintain a contrary position. Points one and two are overruled.

In the alternative, by points three and six, Owen opines that judicial estoppel should not apply to bar this action because she did not successfully maintain, in the medical malpractice action, her position that the statute of limitations had run. Owen asserts that settling a case does not constitute success, as she was not made whole.

Owen concedes, however, that the issue is whether she succeeded in persuading a court to adopt her position. *See Moore*, 629 S.W.2d at 829.

The Texas Supreme Court found, in the medical malpractice case below, that Owen was successful in staving off Mateo's motion for summary judgment on statute of limitations grounds. The court expressly stated that "[Owen] did not obtain conclusive information about Dr. Mateo's error in reading the slide until 1985," and that a fact issue existed regarding when Owen should reasonably have known about the existence of her cause of action. Owen's sworn position that she was wholly unaware of the existence of her cause of action within the statutory two-year period persuaded the supreme court to remand her action for trial on the merits. Owen successfully maintained her position below and is judicially estopped from asserting the contrary in a new action. Points three and six are overruled.

By point four, Owen posits that Knop failed to properly plead and prove judicial estoppel. Knop's answer in this legal malpractice case alleges, in pertinent part,

    4. Pleading affirmatively again, Defendants would show that Plaintiff's

claims are barred by judicial, equitable, and/or collateral estoppel. Plaintiff is estopped from denying that the claims in the underlying case were not barred by limitations.

Texas Rule of Civil Procedure 45(b) requires a party to plead its ground of defense "in plain and concise language." Knop's affirmative defense of judicial estoppel was clearly and concisely stated. The adequacy of the proof supporting that defense has been previously discussed. Point four is overruled.

By point five, appellant contends that her position in the medical malpractice case was not inconsistent with her position in this case. We disagree. Owen maintained below that the discovery rule applied to sustain her cause of action. She now contends that the discovery rule does not obtain, that the two-year limitations period applies, and that Knop committed malpractice by failing to file within that period. These positions are directly at odds with one another. Point of error five is overruled.

By points seven, eight, and nine, Owen asserts that Knop was equitably estopped from relying on judicial estoppel as an affirmative defense. Owen's legal malpractice action against Knop was pending at the time she settled her medical malpractice action with Mateo. Owen states that Knop asked her to settle the action against Mateo in order to mitigate the damages she alleged against the attorney. Knop, she contends, should not be permitted to receive a windfall as a result. Knop responds that Owen became judicially estopped to bring her claim against him long before the settlement occurred and therefore equity has no place here. We agree.

Owen asserted her position in the medical malpractice case that the statute of limitations had not run on her cause of action; the Texas Supreme Court agreed. After settling that case, Owen then alleged a legal malpractice action against Knop contending that the statute of limitations did in fact apply and that he breached his duty to file suit within that time period. Owen cannot assail the sanctity of her oath

in a prior suit by asserting a wholly contrary position in a different lawsuit. That the first suit ultimately resulted in settlement is of no moment; Owen had already committed herself to her sworn position in that suit. Points seven, eight, and nine are overruled.

■ By point ten, Owen states that she was forced to take contrary positions due to the legal malpractice of her own attorney. This contention is without merit. The rationale underlying the theory of judicial estoppel is the preservation of the sanctity of the oath and the elimination of prejudice in the administration of justice. One may not assert a particular position in order to serve one purpose, then assert a wholly contrary position to serve another. This Owen improperly attempted to do, and she cannot be allowed to assert that the purported malfeasance of her own attorney made her do it. Point of error ten is overruled.

■ By point eleven, Owen maintains that the trial court erred by granting Knop's motion for summary judgment because she had alleged separate and distinct causes of action against him not barred by judicial estoppel. Our review of Owen's petition shows that the "factual basis of the suit," as Owen deemed it, was Knop's failure to timely file the medical malpractice action or otherwise preserve her claim for damages. Owen then alleged breach of contract for a multitude of reasons relating to failure to timely file suit, as well as for fraud in leading Owen to believe that her attorney would take all necessary actions to protect her rights. Owen also brought forth negligence, gross negligence, breach of fiduciary duty, and deceptive trade practices claims for, essentially, failing to timely file suit. No other independent allegations were made.

Owen contended below that she had no knowledge of her action until March 22, 1985, at which time that knowledge was imputed on Knop and suit was filed soon thereafter. The actions alleged here, all of which are premised upon Owen's position that Knop failed to file suit in a timely fashion, are barred by judicial estoppel. Point of error eleven is overruled.

The judgment of the trial court is AFFIRMED.