IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00231-CV

 

David Park,

                                                                      Appellant

 v.

 

Montgomery County, Texas ,

                                                                      Appellee

 

 

 



From the 9th District Court

Montgomery County, Texas

Trial Court No. 02-10-07222 CV

 



MEMORANDUM  Opinion



 

          David Park is a lieutenant in the
Montgomery County Sheriff’s Office.  He sued Montgomery County under the Texas
Whistleblower Act, alleging that he had suffered an adverse employment action
as a result of his report of complaints of sexual harassment by Montgomery
County Commissioner Ed Rinehart.  Montgomery County answered and filed a plea
to the jurisdiction and a motion for summary judgment.  The trial court granted
 Montgomery County’s summary judgment motion.  Park appeals from that
judgment.  Finding that the court erred in granting the summary judgment
motion, we will reverse and remand.

 

BACKGROUND

          Lieutenant Park reported that he
attended a meeting with six to eight male employees or agents of the county. 
The topic of the meeting was office renovations.  Park reported that
Commissioner Rinehart commented that “we need to put a divider in there because
he may want to do [Park’s secretary] on her desk.”  Park’s secretary was not
present at the meeting.  Park interviewed his secretary and another female
employee, who reported having been sexually harassed by the Commissioner.  Park
reported what he believed to be unlawful conduct to the Sheriff and to the
personnel department and county attorney.

          Incident to his employment at the
Sheriff’s Office, Park was appointed security coordinator for the Montgomery County Lone Star Convention Center.  The facility required that all events be
accompanied by uniformed law enforcement officers from the Sheriff’s Office. 
Park was responsible for arranging for off-duty officers to work security. 
Some time after Park’s report regarding Commissioner Rinehart’s alleged
conduct, the director of the convention center sent a letter to the Sheriff’s
Office, advising that the security coordination would be handled by the
Constable’s Office instead of the Sheriff’s Department.  Later, the director
made another change, deciding to alternate the center’s security coordination
on a monthly basis between the Sheriff’s Office and the Constable’s Office.

Standard of Review

          We review the decision to grant or
deny a summary-judgment motion de novo.  See Rucker v. Bank One Texas, N.A.,
36 S.W.3d 649, 653 (Tex. App.—Waco 2000, pet. denied).  The movant has the
burden of showing that no genuine issue of material fact exists and that he is
entitled to the summary judgment as a matter of law.  American Tobacco Co.
v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); Ash v. Hack Branch
Distributing Co., 54 S.W.3d 401, 413 (Tex. App.—Waco 2001, pet. denied). 
If the movant for summary judgment is a defendant, then the movant must negate
at least one of the elements of the non-movant’s cause of action or conclusively establish each element of an
affirmative defense.  Clifton v. Hopkins, 107 S.W.3d 755, 757 (Tex. App.—Waco
2003, pet. denied).  

The reviewing court must accept all evidence
favorable to the non-movant as true.  Nixon v. Mr. Property Management Co.,
690 S.W.2d 546, 549 (Tex. 1985); Ash, 54 S.W.3d at 413.  Every
reasonable inference must be indulged in favor of the non-movant and all doubts
resolved in his favor.  American Tobacco, 951 S.W.2d at 425; Ash,
54 S.W.3d at 413.

          The trial court’s order does not
specify the grounds upon which summary judgment was granted.  When a trial
court’s order granting summary judgment does not specify the ground or grounds
relied on for the ruling, summary judgment will be affirmed on appeal if any of
the theories advanced are meritorious.  State Farm Fire & Cas. Co. v.
S.S., 858 S.W.2d 374, 380 (Tex. 1993).

Adverse Personnel Action

          The Texas Whistleblower Act prohibits
a state or local government entity from suspending or terminating the
employment of, or taking other adverse personnel action against, a public
employee who in good faith reports a violation of law by the employing
governmental entity or another public employee to an appropriate law
enforcement authority.  Tex. Gov’t Code
Ann. § 554.002(a) (Vernon 2004).  Montgomery County argues that there is
no evidence that Park suffered an adverse personnel action, an essential
element of a claim under the Act.  “Personnel action” means an action that
affects a public employee’s compensation, promotion, demotion, transfer, work
assignment, or performance evaluation.  Id. § 554.001(3) (Vernon 2004).

          According to the affidavits of Park
and the Sheriff, Park’s employment as the security coordinator was incidental
to his employment at the Sheriff’s Office.  He received no extra compensation
for this “extra job,” except when he assigned himself to work events.  Montgomery County argues that because Park received no extra compensation from the County,
and because his security coordination tasks did not take up much of his time,
he did not suffer an adverse employment action.  However, Park alleges in
pleadings and affidavits that the County’s action in transferring
responsibility for coordinating security to the Constable’s Office deprived him
of his position as security coordinator and deprived him of the opportunity to
assign himself to security duty for which he received compensation.  Accepting
Park’s evidence as true, he raised a genuine issue of material fact whether the
County’s actions adversely affected his work assignment and compensation.

Employing Governmental Entity

          Montgomery County argues that the
alleged violation of law was not committed by “the employing governmental entity
or public employee,” and thus Park’s report of the violation is not protected
by the Act.  Specifically, the County argues that Commissioner Rinehart is not
the employing governmental entity or a public employee.  “Public employee”
means an employee or appointed officer other than an independent contractor who
is paid to perform services for a state or local governmental entity.  Id. § 554.001(4) (Vernon 2004).  The County argues that Rinehart is an independently
elected official and the County is prohibited from interfering with or
controlling his actions.  However, the county as a whole constitutes the
governmental entity, and an elected official may be part of the county’s
government when he is acting in his official capacity.  See Tarrant County
v. Bivins, 936 S.W.2d 419, 422 (holding that the county can be held liable
under the Whistleblower Act for the conduct of an elected sheriff acting in his
official capacity); Wichita County v. Hart, 892 S.W.2d 912, 929 (Tex.
App.—Austin 1994), rev’d on other grounds, 917 S.W.2d 779 (Tex. 1996). 
The County concedes that Commissioner Rinehart is paid for his service as a
commissioner and does not argue that Rinehart’s alleged actions were outside of
his official capacity.  Park has pled and raised a genuine issue of fact
whether a violation of law was committed by the employing governmental entity
or another public employee.

Reporting the Violation of Law

           Montgomery County argues that Park
did not report “in good faith” a violation of law to an “appropriate law
enforcement authority.”  Park stated in his affidavit that he believed that
Rinehart’s conduct could constitute the criminal offense of “Official
Oppression” under section 39.03 of the Texas Penal Code.  The County argues
that we should disregard Park’s statement in his affidavit as a “sham fact
issue” because it contradicts his deposition testimony.  The County points to
deposition testimony in which Park agrees that in reporting the Commissioner’s
conduct he was not acting as an investigating law enforcement officer but as a
supervisor and a county employee.  The County also cites the following question
and answer during the deposition:

Q: Now, are you saying that anything that
Commissioner Rinehart did with respect to the two women would have, in your view
as a peace officer, constituted official oppression?

 

A: I’m not saying anything to them, no, sir. 
Would official oppression—no, sir.

 

We do not agree with the County that Park’s
deposition testimony demonstrates that he did not believe that his reporting of
Rinehart’s alleged actions was a report of the crime of official oppression so
as to render his affidavit statements a “sham.”  Park has pled and raised a
genuine issue of fact whether he reported in good faith a violation of law to
an appropriate law enforcement agency.

CONCLUSION

          Montgomery County is not entitled to
summary judgment on any of the grounds advanced.  The summary judgment is
reversed, and the cause is remanded for further proceedings consistent with
this opinion.

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

          (Special
Note by Chief Justice Gray)

Reversed
and remanded

Opinion
delivered and filed October 19, 2005

[CV06]






>      N. L. I. argues that the $56,000 was “purchase money” for the modular home, because it was
used to pay the original seller of the home. Therefore, homestead status does not exempt the
property from foreclosure. Its authority is article sixteen, section fifty of the Texas Constitution,
and section 41.001(b)(1) of the Property Code. Tex. Const. art. XVI, § 50(a)(1) (Vernon Supp.
2002); Tex. Prop. Code Ann. § 41.001(b)(1) (Vernon Supp. 2002). 
      The Taylors rely on § 50(a)(5) of the Constitution, and also refer to section 53.254 of the
Property Code. Tex. Const. art. XVI, § 50(a)(5) (Vernon Supp. 2002); see also Tex. Prop.
Code Ann. § 41.001(b)(3) (Vernon Supp. 2002) (a lien can be created on a homestead pursuant
to section 53.254). Section 50(a)(5) excludes from the homestead exemption “work and material
used in constructing new improvements thereon, if contracted for in writing, or work and material
used to repair or renovate existing improvements thereon . . . .” Tex. Const. art. XVI, §
50(a)(5). Section 53.254 of the Property Code applies to residential construction projects and is
a companion to the constitutional provision. A person furnishing labor or material for a project
cannot claim a lien on the property unless he complies with various statutory requirements,
including execution of a written contract prior to furnishing the labor or material. Tex. Prop.
Code Ann. §§ 53.001(1) (definition of “residential construction project”), 53.251, 53.254
(Vernon Supp. 2002).


 The Taylors say that because the statutory requirements were not
met—which is not disputed by the parties—a lien was not created.
      We need not resolve this dispute, however, because we find that the Taylors are estopped
from arguing against the validity of whatever lien may exist.
      Judicial estoppel protects the integrity of judicial proceedings by precluding a party from
asserting a position in a legal proceeding which is inconsistent with a position previously taken by
the party. Andrews v. Diamond, Rash, Leslie & Smith, 959 S.W.2d 646, 649 (Tex. App.—El
Paso 1997, pet. denied) (citing Brandon v. Interfirst Corp., 858 F.2d 266, 268 (5th Cir. 1988),
and In re Phillips, 124 B.R. 712, 720 (Bkrtcy. W. D. Tex. 1991)). It prevents a party from
“playing fast and loose” with the courts to suit its own purposes. Id.
      Our Supreme Court has explained when judicial estoppel applies. In Long v. Knox, a
judgment creditor attempted to execute on mineral interests allegedly owned by Knox, who filed
a suit for injunctive relief. Long v. Knox, 291 S.W.2d 292, 294 (Tex. 1956). As part of his
pleadings, Knox and his wife swore that the mineral interests were the separate property of Mrs.
Knox. Id. The suit was dismissed for want of prosecution after the judgment creditor abandoned
efforts to execute. Id. Later Knox died, and his daughter as administratrix filed a suit in which
she asserted that the mineral interests were community property. Id. at 293. The Supreme Court
held that the administratrix was barred by judicial estoppel from claiming as community property
that which Knox formerly swore was Mrs. Knox’s separate property. The Court explained its
reasoning:
[J]udicial estoppel is not strictly speaking estoppel at all but arises from positive rules of
procedure based on justice and sound public policy. It is to be distinguished from
equitable estoppel based on inconsistency in judicial proceedings because the elements
of reliance and injury essential to equitable estoppel need not be present. . . . “[A] party
is estopped merely by the fact of having alleged or admitted in his pleadings in a former
proceeding under oath the contrary to the assertion sought to be made.” 31 C.J.S.,
Estoppel, s 121, p. 390. . . . [Here] [t]he creditor was thus convinced and abandoned
further efforts. Knox gained the advantage of preventing the property from being sold. 
Having thus sworn under oath in this judicial proceeding that his wife owned the property
in her separate right he would not be heard now to maintain a contrary position in the
absence of proof that the averment was made inadvertently or by mistake or by fraud or
duress.

Id. at 295. Significantly, the Court cited and distinguished two cases in which a party was not
estopped, even though there was an inconsistent sworn inventory and appraisement filed in a prior
suit, because the party gained no advantage by the prior filing. Id. at 296.
      The prior statement which works the estoppel may be oral or written. Miller v. Gann, 842
S.W.2d 641, 641 (Tex. 1992). In either instance, it must be “deliberate, clear, and unequivocal.” 
Am. Sav. & Loan Ass’n of Houston v. Musick, 531 S.W.2d 581, 589 (Tex. 1975); Owen v. Knop,
853 S.W.2d 638, 641 (Tex. App.—Corpus Christi 1993, writ denied). And the statement must
be sworn. Miller, 842 S.W.2d at 641; Knop, 853 S.W.2d at 641; Miles v. Plumbing Services of
Houston, 668 S.W.2d 509, 512 (Tex. App.—Houston [14th Dist.] 1984, writ ref’d n.r.e.).
      We agree with other courts of appeals that the elements of judicial estoppel are: (1) a sworn,
prior inconsistent statement made in a judicial proceeding; (2) the party making the statement
gained some advantage by it; (3) the statement was not made inadvertently or because of mistake,
fraud, or duress; and (4) the statement was deliberate, clear, and unequivocal. E.g., Spera v.
Fleming, Hovenkamp & Grayson, P.C., 25 S.W.3d 863, 871 (Tex. App.—Houston [14th Dist.]
2000, no pet.); In re Estate of Huff, 15 S.W.3d 301, 309 (Tex. App.—Texarkana 2000, no pet.);
In re M.M.O., 981 S.W.2d 72, 84 (Tex. App.—San Antonio 1998, no pet.); Knop, 853 S.W.2d
at 641.
      The secured-creditors schedule that the Taylors filed in the bankruptcy proceeding meets these
elements because it: 
      •    was filed in a prior judicial proceeding;
      •    was inconsistent with their current position;
      •    was made under oath;
      •    worked an advantage to the Taylors, because it lulled United Bank into not taking action
within the bankruptcy, when the facts were fresh and the original lender was a party, to
determine whether it had a lien;
 
      •    was not made inadvertently or because of mistake, fraud, or duress; and
      •    was deliberate, clear, and unequivocal.
      Therefore, the Taylors are estopped to assert that N. L. I. does not have a lien on their
property.



      We reverse the judgment and remand this cause for further proceedings.

                                                                         BILL VANCE
                                                                         Justice
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Reversed and remanded
Opinion delivered and filed May 29, 2002
Publish
[CV06]