NUMBER 13-05-065-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


PHOENIX ASSURANCE COMPANY OF NEW YORK, Appellant,


v.
 


DALLAS FIRE INSURANCE COMPANY 

AND ANTHONY BROWN, Appellees.

 


On appeal from the 214th District Court 


of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Garza


Memorandum Opinion by Justice Rodriguez



 This appeal arises from a summary judgment granted in favor of appellee, Dallas
Fire Insurance Company (Dallas Insurance), and against appellant, Phoenix Assurance
Company of New York (Phoenix Assurance), in a workers' compensation case. (1) By
four issues, Phoenix Assurance generally contends the trial court erred in granting
summary judgment in favor of Dallas Insurance. By its fifth issue, Phoenix Assurance
asserts the trial court erred in awarding Dallas Insurance loss adjusting expenses. We
reverse and remand.

I. Background

 Staff Force, Inc. (Staff Force) is a temporary employment agency that hires
temporary or seasonal workers. After Staff Force hires its temporary workers, they
are assigned to work for Staff Force's client companies. In the instant case, Staff
Force hired Anthony Brown in June 2002 and assigned him to work for one of its
client companies, Austin Roofer's Supply, Ltd., d/b/a Roofing Supply of Corpus Christi
(Roofing Supply), beginning in October 2002.

 On May 2, 2003, Brown was injured while performing a task for Roofing
Supply. (2) As a result of his on-the-job injury, Brown filed a workers' compensation
claim. At the time of the injury, Phoenix Assurance was the workers' compensation
insurance carrier for Roofing Supply, while Dallas Insurance was the workers'
compensation insurance carrier for Staff Force. (3) Both Phoenix Assurance and Dallas
Insurance allegedly challenged Brown's workers' compensation claim. 

 Pursuant to the Workers' Compensation Act (the Act), a contested case hearing
was conducted by a hearing officer of the Texas Workers' Compensation Commission
to determine (1) whether Brown had sustained a compensable injury and (2) whether
Staff Force or Roofing Supply was Brown's employer for purposes of the Act. See
Tex. Lab. Code Ann. § 410.151 (Vernon 2006). The hearing officer determined that
(1) Brown had sustained a compensable injury and (2) Staff Force was Brown's
employer for purposes of the Act. Therefore, the hearing officer ordered that Dallas
Insurance, as Staff Force's workers' compensation insurance carrier, pay Brown's
workers' compensation benefits. Dallas Insurance appealed the hearing officer's
decision to an appeals panel of the Texas Workers' Compensation Commission. The
appeals panel affirmed the hearing officer's decision. 

 Pursuant to sections 410.251 and 410.252 of the Texas Labor Code, Dallas
Insurance sought judicial review of the appeals panel's decision and filed the underlying
suit against Phoenix Assurance and Brown. See id. §§ 410.251-.252 (Vernon 2006). 
In the trial court, Dallas Insurance filed a motion for summary judgment on both
traditional and no-evidence grounds. Specifically, Dallas Insurance sought summary
judgment on the grounds that (1) "[t]he Texas Labor Code mandates . . . that [Roofing
Supply] was Anthony Brown's employer of record when he was injured," (2) "Anthony
Brown was the borrowed employee of [Roofing Supply] . . . when he was injured," and
(3) "[n]o evidence exists . . . that [Roofing Supply] was not the statutory employer of
Anthony Brown or that Anthony Brown was not the borrowed employee of [Roofing
Supply] when he was injured." Phoenix Assurance filed a counter motion for summary
judgment on the grounds that (1) Staff Force was Brown's employer pursuant to the
Texas Labor Code, (2) the borrowed servant doctrine was inapplicable in the instant
case because Staff Force agreed to provide workers' compensation coverage for
Brown, and (3) Dallas Insurance would be unjustly enriched if it did not have to pay
workers' compensation benefits to Brown after having been paid workers'
compensation insurance premiums for Brown. The trial court granted Dallas
Insurance's motion for summary judgment, finding that (1) Brown was an employee
of Roofing Supply at the time of his injury and (2) Brown was not an employee of Staff
Force at the time of his injury. The trial court also found that Dallas Insurance "shall
recover from Phoenix Assurance . . . all benefits, including medical, indemnity, and
loss adjusting expenses[,] incurred in the workers' compensation claim of Anthony
Brown . . . ." This appeal ensued. 

II. Judicial Estoppel

 Dallas Insurance argued in the trial court and argues on appeal that Phoenix
Assurance is judicially estopped from asserting that there is a binding agreement
between Staff Force, Dallas Insurance's insured, and Roofing Supply, Phoenix
Assurance's insured, by which Staff Force allegedly agreed to provide workers'
compensation coverage for Brown. Therefore, before we determine the propriety of
the trial court's grant of summary judgment in favor of Dallas Insurance, we must first
address Dallas Insurance's judicial estoppel argument and determine whether Phoenix
Assurance is judicially estopped from asserting that Staff Force is bound by agreement
to provide workers' compensation coverage for Brown.

 The doctrine of judicial estoppel applies only when all of the following elements
are present: (1) a sworn, prior inconsistent statement was made in a judicial
proceeding; (2) the party now sought to be estopped successfully maintained the prior
position; (3) the prior inconsistent statement was not made inadvertently or because
of mistake, fraud, or duress; and (4) the statement was deliberate, clear, and
unequivocal. Vinson & Elkins v. Moran, 946 S.W.2d 381, 396 (Tex. App.-Houston
[14th Dist.] 1997, writ dism'd by agr.); see Owen v. Knop, 853 S.W.2d 638, 641
(Tex. App.-Corpus Christi 1993, writ denied) (citing Long v. Knox, 155 Tex. 581, 291
S.W.2d 292, 295 (Tex. 1956); Welder v. Welder, 794 SW.2d 420, 431 (Tex.
App.-Corpus Christi 1990, no writ)). The doctrine serves to "uphold the sanctity of
the oath, and to eliminate the prejudice which would result to the administration of
justice if a litigant were to swear one way one time and a different way another time." 
Owen, 853 S.W.2d at 641 (citing Miles v. Plumbing Servs. of Houston, Inc., 668
S.W.2d 509, 512 (Tex. App.-Houston [14th Dist.] 1984, writ ref'd n.r.e.); Moore v.
Neff, 629 S.W.2d 827, 829 (Tex. App.-Houston [14th Dist.] 1982, writ ref'd n.r.e.);
Yarber v. Pennell, 443 S.W.2d 382, 385 (Tex. Civ. App.-Dallas 1969, writ ref'd
n.r.e.)). 

 The record establishes that Phoenix Assurance intervened in a related suit filed
by Staff Force against Austin Roofer's Supply, Ltd., Burns Ventures, LLC, Lowe
Holdings, LLC, Perella Holdings, LLC, Pugh Holdings, LLC, and Henry Tapia. To
support its judicial estoppel argument, Dallas Insurance relies on deposition testimony
of Austin Roofer's Supply, Ltd. and Roofing Supply employees and answers to
interrogatories filed by Austin Roofer's Supply, Ltd. in the related lawsuit. The
testimony and answers provide that there was not an agreement between Staff Force
and Roofing Supply regarding workers' compensation coverage. Thus, Dallas
Insurance argues that Phoenix Assurance is judicially estopped from asserting in the
underlying suit that there is in fact a binding agreement regarding workers'
compensation coverage between Staff Force and Roofing Supply. We conclude,
however, that Dallas Insurance's argument fails for the reasons that follow.

 The second element of judicial estoppel requires that the party now sought to
be estopped successfully maintained the prior inconsistent position. Vinson & Elkins,
946 S.W.2d at 396. Here, the record reflects that the related suit was abated pending
the outcome of the underlying suit. Therefore, Dallas Insurance has failed to establish
that the alleged prior inconsistent position was successfully maintained. In addition,
Dallas Insurance has failed to provide authority for its argument, and we find none,
that Phoenix Assurance is bound by the statements of employees of Austin Roofer's
Supply, Ltd. and Roofing Supply in a suit where Phoenix Assurance was an intervenor
and was not defending its insured. Therefore, Dallas Insurance has also failed to
demonstrate that Phoenix Assurance, itself, advanced a prior inconsistent position in
the related suit. Thus, Dallas Insurance has not satisfied the second element of judicial
estoppel - that is, that the party now sought to be estopped, Phoenix Assurance,
successfully maintained the prior inconsistent position. See id. As a result, we
conclude that Dallas Insurance's judicial estoppel argument is without merit and that
Phoenix Assurance is not barred by judicial estoppel from advancing its position that
Staff Force is bound by agreement to provide workers' compensation coverage for
Brown.

III. Summary Judgment

 By four issues, Phoenix Assurance generally asserts the trial court erred in
granting Dallas Insurance's motion for summary judgment and in finding that Roofing
Supply was and Staff Force was not Brown's employer for workers' compensation
purposes. Specifically, Phoenix Assurance contends the trial court erred in granting
summary judgment in favor of Dallas Insurance because (1) by granting Dallas
Insurance's motion for summary judgment, the trial court denied Phoenix Assurance's
motion for summary judgment, (2) Phoenix Assurance conclusively established that
Staff Force agreed to provide workers' compensation coverage for its employees,
including Brown, or, alternatively, raised a genuine issue of material fact that such an
agreement existed, (3) the borrowed servant doctrine is inapplicable in determining
employment status under the Act, and (4) even in the absence of an agreement
regarding Brown's employment status, the record establishes that Brown was Staff
Force's employee, and therefore Dallas Insurance is liable for Brown's workers'
compensation claim.


A. Standard of Review

 When both parties move for summary judgment and one motion is granted and
the other is denied, an appellate court should consider all questions presented to the
trial court, including whether the losing party's motion should have been denied, and
render the judgment that the trial court should have rendered. See FM Props.
Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000); Jones v. Strauss,
745 S.W.2d 898, 900 (Tex. 1988). Each party is required to carry its own burden as
the movant and, in response to the other party's motion, as the nonmovant. James
v. Hitchcock Indep. Sch. Dist., 742 S.W.2d 701, 703 (Tex. App.-Houston [1st Dist.]
1987, writ denied) (citing Traylor v. Unitedbank, 675 S.W.2d 802, 805 (Tex.
App.-Beaumont 1984, writ ref'd n.r.e.)).

 We review the granting of a traditional motion for summary judgment de novo. (4) 
Branton v. Wood, 100 S.W.3d 645, 646 (Tex. App.-Corpus Christi 2003, no pet.)
(citing Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Tex. Commerce
Bank Rio Grande Valley v. Correa, 28 S.W.3d 723, 726 (Tex. App.-Corpus Christi
2000, pet. denied)). To prevail, the movant has the burden of showing that there is
no genuine issue of material fact and that he is entitled to judgment as a matter of
law. Id. (citing Tex. R. Civ. P. 166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470,
471 (Tex. 1991)). In determining whether there is a genuine issue of material fact,
evidence favorable to the nonmovant is taken as true, and all reasonable inferences
and doubts are resolved in favor of the nonmovant. Branton, 100 S.W.3d at 646
(citing Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997)). 

 When, as in this case, a trial court's order granting summary judgment does not
state the grounds upon which it was granted, the judgment must be affirmed if any
of the grounds advanced in the summary judgment motion are meritorious. Branton,
100 S.W.3d at 647 (citing Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Boren
v. Bullen, 972 S.W.2d 863, 865 (Tex. App.-Corpus Christi 1998, no pet.)).

B. Analysis

 The controlling question before the trial court, and now before this Court, see
FM Props. Operating Co., 22 S.W.3d at 872; Jones, 745 S.W.2d at 900, is whether
Staff Force or Roofing Supply was Brown's employer for workers' compensation
purposes. Each party, in its motion for summary judgment, took the position that
there could be only one employer for workers' compensation purposes. After
reviewing the motions for summary judgment and the summary judgment evidence,
the trial court granted Dallas Insurance's motion for summary judgment and denied
Phoenix Assurance's motion for summary judgment. In addition, the trial court found
that Roofing Supply was and Staff Force was not Brown's employer for workers'
compensation purposes at the time of his incident. For the reasons that follow and
under the facts of this case, we conclude that the trial court erred in granting summary
judgment in favor of Dallas Insurance and in finding that Roofing Supply was and Staff
Force was not Brown's employer for workers' compensation purposes.

 The Texas Supreme Court has held that in the absence of an agreement
regarding workers' compensation, both a temporary staffing agency, such as Staff
Force, and its client company, such as Roofing Supply, may be employers for workers'
compensation purposes. Wingfoot Enters. v. Alvarado, 111 S.W.3d 134, 135, 137-38, 140-45 (Tex. 2003). (5) Implicit in its holding is the conclusion that when an
agreement regarding workers' compensation exists between a temporary staffing
agency and its client company, the agreement controls. See id. at 135, 140-45. 
Thus, the threshold issue in a case involving whether a temporary staffing agency
and/or its client company is an employer for workers' compensation purposes is
whether there is a controlling agreement between the two entities.

 Phoenix Assurance, in its response to Dallas Insurance's motion for summary
judgment and in its counter motion for summary judgment, asserted that there was an
agreement between Staff Force and Roofing Supply, whereby Staff Force had agreed
to provide workers' compensation coverage for Brown and thus serve as Brown's
employer for workers' compensation purposes. Dallas Insurance denied that such an
agreement existed between Staff Force and Roofing Supply. Thus, we must first
examine the issue of whether an agreement existed between Staff Force and Roofing
Supply regarding workers' compensation.

 The summary judgment evidence included, among other items, the "Conditions
of Service" located on the backside of a Staff Force time card, and excerpts of
deposition testimony from Staff Force, Roofing Supply, and Austin Roofer's Supply,
Ltd. employees. (6) The "Conditions of Service" contained the following language:

 CLIENT has agreed to utilize the services of Staff Force, Inc.
("COMPANY"). By signing the front of this Time Sheet, CLIENT hereby
confirms its agreement with COMPANY to the following terms and
conditions of services to be rendered by COMPANY to CLIENT now or in
the future:

 

 . . . .

 

 1. COMPANY reserves the sole right to establish the wages and fringe
benefits, if any, of its employees, and assumes responsibility for the
payment of such compensation, the withholding and payment of all
required payroll taxes, and compliance with applicable workers'
compensation laws, except where such obligations are specifically
imposed by law on CLIENT.


 2. CLIENT understands COMPANY'S employees are assigned to CLIENT
to render temporary service and are not assigned to become employed by
CLIENT. . . . CLIENT will not, without the written consent of COMPANY
and payment of an agreed amount, hire a COMPANY employee, interfere
with the employment relationship between COMPANY and its employees
or directly or indirectly cause a COMPANY employee to transfer to
another temporary help service.


 . . . .


 4. CLIENT acknowledges that employee will be under its supervision and
subject to CLIENT'S control at all times while employee is assigned to
CLIENT. . . .


 . . . .


 6. Although COMPANY provides workers' compensation coverage for
COMPANY'S injured employees, CLIENT assumes any further liability to
COMPANY'S employees resulting from any act, including, but not limited
to, negligence of CLIENT'S supervisors or employees . . . .


 . . . .


 11. CLIENT shall defend, indemnify, and hold COMPANY . . . harmless
from any and all claims, damages, and liabilities assumed by CLIENT or
disclaimed by COMPANY in this Agreement . . . . (7)


 Phoenix Assurance asserts that the "Conditions of Service" evidence an
agreement regarding workers' compensation between Staff Force and Roofing Supply. 
Specifically, Phoenix Assurance contends that the "Conditions of Service" establish
that Staff Force assumed responsibility for compliance with all workers' compensation
laws, based on paragraph four of the conditions, and that Staff Force agreed to
provide workers' compensation coverage for its injured employees, such as Brown,
based on paragraph six of the conditions. Thus, Phoenix Assurance contends that
Staff Force agreed to serve as Brown's employer for workers' compensation purposes.

 Phoenix Assurance also asserts that the deposition testimony of Alexandra de
la Paz and Gabe Munoz, Staff Force employees, further supports its position that Staff
Force agreed to provide workers' compensation coverage for Brown and thereby serve
as Brown's employer for workers' compensation purposes. The following exchange
took place during de la Paz's deposition:

 . . . .


 Q. I'm not saying serious injuries. I'm just saying has anybody else
that worked for Staff Force gotten hurt while at a client company?


 A. Yes.


 Q. Did y'all provide workers' compensation insurance, to your
knowledge, for that injured worker?


 A. To my knowledge, like I - all I do is fill out the injury reports, and
then I fax it up. You know, Corporate takes care of that. So - 


 Q. So, to your knowledge, y'all had started the process of accepting
that person as an employee - as an employee of Staff Force and
providing workers' compensation insurance?


 . . . .


 A. I would assume. I mean, yeah, we started, you know, the injury
report that we have to. . . . 


De la Paz also testified that after Staff Force learned of Brown's injury, she was
instructed to take an injury report form to the hospital for Brown to complete. 

 Munoz testified that Brown had been assigned to four different clients before
being assigned to Roofing Supply. When asked if Staff Force provided workers'
compensation for Brown when he was assigned to the other clients, Munoz answered,
"[y]es." Munoz also testified that Staff Force generally provides a marketing brochure
to its clients. He stated that the Staff Force marketing brochure in existence at the
time of his deposition indicated that Staff Force would handle all workers'
compensation claims. However, Munoz stated that he was unsure if the same
brochure was in existence at the time that Roofing Supply became a client of Staff
Force and that he had "no idea" as to whether Roofing Supply was given the brochure. 
 Dallas Insurance argues that there was no agreement regarding workers'
compensation between Staff Force and Roofing Supply. To support its position that
there was no agreement, Dallas Insurance relies on answers to interrogatories provided
by Austin Roofer's Supply, Ltd. in the related suit and on excerpted deposition
testimony from Michael Clark, a Roofing Supply manager, and Dale Lowe, the day-to-day manager of Austin Roofer's Supply, Ltd. and an officer, director, and investor in
Lowe Holdings, LLC, which is a general partner of Austin Roofer's Supply, Ltd.

 Interrogatory number one asked for Austin Roofer's Supply to "[i]dentify all
agreements and contracts that existed between Staff Force, Inc. and Austin Roofer's
Supply, Ltd." Austin Roofer's Supply responded by stating, "[n]one." Interrogatory
number two asked for Austin Roofer's Supply to "[i]dentify all agreements and
contracts between Staff Force, Inc. and Austin Roofer's Supply, Ltd. that specifically
addressed which entity was responsible for providing workers' compensation insurance
in the event a temporary worker was injured." Austin Roofer's Supply again
responded by stating "[n]one."

 Clark testified that he never signed a contract with Staff Force. He further
testified that there was no written agreement between Staff Force and Roofing Supply
whereby Staff Force agreed to provide workers' compensation coverage for Brown. 
 Lowe testified that Henry Tapia, a Roofing Supply manager, was authorized to
sign Brown's time cards, which contained the "Conditions of Service." When Lowe
was asked whether he considered the backside of Staff Force's time cards, namely the
"Conditions of Service," to be a contract, he stated "[n]o, it is not." He also stated,
with reference to the "Conditions of Service," that "it was not in my mind a
contractual agreement whereby it was signed by the offerer and offeree so that they
could see the purpose of the agreement." However, Lowe further testified, with
respect to the "Conditions of Service," that "[t]his is - - to me is just pretty much a
services agreement. I mean it's your definition of what a contract is, but to me it's
just a service agreement." When asked, what a service agreement meant to him,
Lowe stated, "[p]retty much the regulations and procedures that's going to be
followed by the vendor in order to provide a service for a customer." 

 Thus, based on the summary judgment record, we conclude that a genuine issue
of material fact remains with respect to the threshold issue as to whether there is an
agreement regarding workers' compensation coverage between Staff Force and
Roofing Supply. See Wingfoot Enters., 111 S.W.3d at 135, 140-45. Therefore, we
conclude that the trial court erred in granting summary judgment in favor of Dallas
Insurance and in finding that Roofing Supply was and Staff Force was not Brown's
employer for workers' compensation purposes at the time of his injury. See Tex. R.
Civ. P. 166a(c) (providing that the judgment sought through a motion for summary
judgment shall be rendered forthwith if there is no genuine issue of material fact and
the moving party is entitled to judgment as a matter of law); see also Branton, 100
S.W.3d at 646 (providing that to prevail, the movant has the burden of establishing
that there is no genuine issue of material fact); James, 742 S.W.2d at 703 (requiring
each party to carry its own burden in a situation where the parties have filed
competing motions for summary judgment).

 Therefore, we sustain Phoenix Assurance's second issue, in part, to the extent
that Phoenix Assurance asserts it raised a genuine issue of material fact that such an
agreement existed. However, we overrule Phoenix Assurance's second issue, in part,
to the extent that Phoenix Assurance contends it conclusively established that such
an agreement existed. 

IV. Conclusion

 Accordingly, we reverse the judgment of the trial court and remand the case for
further proceedings consistent with this opinion.

 Having concluded that there is a fact issue with respect to the threshold issue
in this case and having remanded the cause to the trial court for further proceedings,
we do not reach Phoenix Assurance's remaining issues. See Tex. R. App. P. 47.1. 

 

 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and 

filed this 15th day of February, 2007.
1. Anthony Brown, the workers' compensation claimant in the underlying suit, is also an appellee
in this appeal. We note, however, that Brown did not file an appellate brief.
2. It is unclear from the record whether Roofing Supply had permanently hired Brown as an
employee before his injury on May 2, 2003. However, this issue is not raised on appeal, and therefore
is not before us.
3. Neither Staff Force nor Roofing Supply was a party to the underlying suit. Thus, neither is a
party to this appeal.
4. Dallas Insurance sought summary judgment on traditional and no-evidence grounds. With
respect to its no-evidence ground, Dallas Insurance asserted that "[n]o evidence exists . . . that [Roofing
Supply] was not the statutory employer of Anthony Brown or that Anthony Brown was not the
borrowed employee of [Roofing Supply] when he was injured." However, because Dallas Insurance had
the burden of proof at trial to establish that Roofing Supply, rather than Staff Force, was Brown's
employer for workers' compensation purposes, this no-evidence ground incorrectly attempts to shift the
burden to Phoenix Assurance. See Tex. Lab. Code Ann. § 410.303 (Vernon 2006) (providing that the
party appealing the decision of the appeals panel of the Texas Workers' Compensation Commission
bears the burden of proof at trial); see also Tex. R. Civ. P. 166a(i) (providing that a party may move for
summary judgment on the ground that there is no evidence of a defense on which an adverse party
would have the burden of proof at trial). Therefore, we will not consider it as a ground upon which the
trial court could have granted summary judgment. Thus, our analysis is limited to the portion of Dallas
Insurance's motion for summary judgment based on traditional grounds and Phoenix Assurance's motion
for summary judgment. 
5. The issue before the court in Wingfoot involves the question of whether, in the absence of an
agreement, "an employee can have more than one employer for purposes of [the Act] and its exclusive
remedy provision." Wingfoot Enters. v. Alvarado, 111 S.W.3d 134, 135 (Tex. 2003). Although the
exclusive remedy provision of the Act is not an issue before this Court, the determination of employment
status pursuant to the Act is at issue. Therefore, we rely on the portions of Wingfoot that examine
employment status under the Act and apply those portions in the instant case. See id. at 135, 137-45;
see also U.S. Fire Ins. Co. v. Alsup, 118 S.W.3d 851, 855 (Tex. App.-Fort Worth 2003, pet. denied)
(providing that although Wingfoot addresses the exclusive remedy provision, its analysis with respect
to employment status under the Act and its analysis regarding whether there can be more than one
employer for purposes of the Act is applicable in other fact situations).
6. Phoenix Assurance also attached as summary judgment evidence the decision of the Texas
Workers' Compensation Commission hearing officer, wherein the hearing officer found that "[a]s part
of the arrangement between [Staff Force and Roofing Supply], Staff Force paid [Brown] and deducted
part of the fees paid by [Roofing Supply] for workers' compensation insurance coverage."
7. Although a copy of the front side of Staff Force's time card is not included in the summary
judgment record, it appears from Dale Lowe's excerpted deposition testimony in the summary judgment
record that the front side of the time card included the following language: "Important for client. By
execution of this form, client certifies that hours shown are correct; work was done satisfactorily; and
that the client agrees to the terms and conditions on the reverse side of this form. . . ."