**David HUCKIN, Appellant,**

v.

**Joseph P. CONNOR and Stern, Flanz, Carnley and Wilson, P.C., Appellees.**

No. 14–95–00602–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 27, 1996.

Rehearing Overruled Aug. 8, 1996.

Gary Forrest Deshazo, Austin, Jerome J. Schiefelbein, La Jolla, CA, for appellant.

Richard A. Sheehy, Houston, Lauren L. Beck, Houston, R. Edward Perkins, Houston, for appellees.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

## OPINION

AMIDEI, Justice.

David Huckin appeals from a summary judgment granted in a legal malpractice suit in favor of appellees, Joseph P. Connor and Stern, Flanz, Carnley and Wilson, P.C. In one point of error, appellant contends the trial court erred in granting appellees' motion for summary judgment. We affirm.

In February, 1981, David Huckin entered into a contract with Kemper Investors Life Insurance Company ("Kemper") to sell life insurance and annuities. The contract was terminable at will and Kemper terminated the contract without cause in February, 1983. Huckin contacted appellee Connor, an attorney at law, in 1987 to file suit against Kemper. Connor filed a suit against Kemper in Huckin's behalf in November, 1987. After he filed the suit, Connor became associated with the firm of appellee Stern, Flanz, Carnley and Wilson, P.C. ("Stern firm"). About six weeks after Connor filed the suit, Huckin terminated his attorney contract with Connor and retained Michael Kerensky of the firm of O'Quinn, Kerensky and McAninch, to take over the Kemper suit. In 1988, Huckin filed this suit against Connor and the Stern firm for malpractice alleging that Conner had failed to timely file the Kemper suit. The Kemper suit was dismissed for want of pros-

ecution in May, 1989, and Kerensky failed to notify Huckin of the dismissal. Huckin learned of the dismissal in 1991 at which time all of his claims against Kemper were barred by limitations. Huckin then sued Kerensky and the O'Quinn firm for legal malpractice ("Kerensky suit") alleging that his lawsuit against Kemper was viable and not barred by limitations and Kerensky's negligence caused the suit to be dismissed and become barred by limitations.

Kerensky and the O'Quinn firm filed a motion for summary judgment in the malpractice suit alleging that Huckin's breach of contract claim against Kemper was not viable because the underlying contract with Kemper was terminable at will and the termination by Kemper was lawful and not actionable. The motion for summary judgment in the Kerensky suit also alleged that Huckin's claim against Kemper for tortious interference and defamation were barred by limitations, and thus Kerensky and the O'Quinn firm were not liable as a matter of law. Huckin filed a response to Kerensky's motion for summary judgment, together with his sworn counter-affidavit in support of the response, claiming that he did not discover his cause of action against Kemper for tortious interference until December, 1985, and did not learn of the defamation until December, 1987, and that his claims for tortious interference and defamation were not time barred. The trial court granted Kerensky's motion for summary judgment "to the extent plaintiff's legal malpractice claim against defendants is based on loss of contract claims" against Kemper. The partial summary judgment denied all of the remaining grounds for summary judgment in Kerensky's motion for summary judgment which included the claims of bar by limitations against Huckin on his tort claims against Kemper. Kerensky and the O'Quinn firm amended their motion for summary judgment again alleging that all of Huckin's tort claims against Kemper were barred by limitations and Kerensky and the O'Quinn firm were not liable.

Huckin settled his malpractice case against Kerensky and the O'Quinn firm before trial on the merits. As part of the settlement, Huckin agreed to the unopposed entry of a

summary judgment in favor of Kerensky and the O'Quinn firm on their pending motion for summary judgment. The summary judgment was entered, as agreed, on January 12, 1994.

After concluding the Kerensky suit, Huckin actively pursued this case against appellees starting in February, 1994. The case had initially been filed in 1988. Various agreements between the parties postponed any activity until after Huckin had resolved the Kerensky case. In 1993, the court sent notices to Huckin advising him that the court would dismiss his case against Connor and the Stern firm for want of prosecution unless he could show cause to retain the case on the docket. Huckin's attorneys filed sworn motions to retain the case on the docket stating as grounds for the motion that the claims against Connor and the Stern firm were claims for alternative relief and that if Huckin was successful in his suit against Kerensky, he would not be able to pursue his claims against Connor. The motion to retain stated further "only if he is unsuccessful in pursuing his lawsuit against Mr. Kerensky will he be in a position to pursue his claims against Mr. Connor."

Huckin's fourth amended petition against appellees alleged that appellee Connor was negligent in failing to timely file the Kemper lawsuit. The suit against Kerensky alleged that the Kemper suit *was timely* filed and that the negligence of Kerensky in letting the case be dismissed was the cause of Huckin's loss.

Appellees filed their motion for summary judgment on all Huckin's claims on the grounds of judicial estoppel, collateral estoppel, election of remedies, and limitations as to the claim against the Stern firm. Appellant responded asserting his claims were not barred under these grounds. The trial court granted appellees' motion for summary judgment and did not specify the grounds upon which it granted the judgment.

■ When a summary judgment does not specify the grounds upon which the trial court granted it, the reviewing court will affirm the judgment if any one of the theories advanced in the motion is meritorious. *State Farm Fire & Casualty Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989).

Appellant's one point of error contains four subpoints of error contending that Huckin's claims are not barred by judicial estoppel, election of remedies, collateral estoppel and limitations against the Stern firm. Appellant argues that his claims are not barred by judicial estoppel because his statements in his affidavit in response to appellees' motion for summary judgment with respect to limitations did not clearly and unequivocally assert a contrary position, that he did not successfully maintain his position on limitations in the Kerensky suit, and that this suit is not a "subsequent action." We disagree.

The doctrine of judicial estoppel was established in Texas in *Long v. Knox*, 155 Tex. 581, 291 S.W.2d 292, 295 (1956). The Court held, in pertinent part:

The doctrine of judicial estoppel is not strictly speaking estoppel at all but arises from positive rules of procedure based on justice and sound public policy. It is to be distinguished from equitable estoppel based on inconsistency in judicial proceedings because the elements of reliance and injury essential to equitable estoppel need not be present. 'Under the doctrine of *judicial estoppel*, as distinguished from equitable estoppel by inconsistency, a party is estopped merely by the fact of having alleged or admitted in his pleadings in a former proceeding under oath the contrary to the assertion sought to be made.' 31 C.J.S. Estoppel § 121, p. 390; *Grier v. Canada*, 119 Tenn. 17, 107 S.W. 970; *Sartain v. Dixie Coal & Iron Co.*, 150 Tenn. 633, 266 S.W. 313. It has likewise been held that it is not necessary that the party invoking this doctrine should have been a party to the former proceedings [citations omitted]. [emphasis added].

■ The elements required to trigger the estoppel are: (1) the sworn, prior inconsistent statement must have been made in a judicial proceeding; (2) the party now sought to be estopped must have successfully maintained the prior position; and (3) the prior inconsistent statement must not have been made inadvertently or by mistake, fraud or

duress. *Id.* at 295. *See also Moore v. Neff,* 629 S.W.2d 827, 829 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). A fourth requirement for the application of the doctrine of judicial estoppel is that the statement must be deliberate, clear, and unequivocal. *Am. Sav. & Loan Ass'n of Houston v. Musick,* 531 S.W.2d 581, 589 (Tex.1975) *citing Griffin v. Superior Insurance Co.,* 161 Tex. 195, 338 S.W.2d 415 (1960).

■ Appellant filed his sworn affidavit to his response to Kerensky's motion for summary judgment (the prior proceeding) in which he stated that he became "aware" of Kemper's alleged tortious interference with his contract in December, 1985, and of Kemper's defamation in December, 1987. In his sworn deposition, he admits that he furnished the facts to his attorney that were made the basis of his petition against Kerensky and the O'Quinn firm and that he agreed with all the contents of the petition prepared by his attorney. The statement upon which the claim of estoppel is based may have been made in verified pleadings, an affidavit, or a deposition during the course of sworn testimony. *Aetna Life Ins. Co. v. Wells,* 557 S.W.2d 144, 147 (Tex.Civ.App.—San Antonio 1977) *writ ref'd n.r.e.,* 566 S.W.2d 900 (Tex. 1978).

Appellant argues that his sworn statements were equivocal and should not be considered because several of his statements in the *body* of the affidavit were qualified as being based upon appellant's information and belief and cites as authority *Selected Lands Corp. v. Speich,* 702 S.W.2d 197 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). *Speich* concerns verification of an affidavit as being insufficient to make it an *affidavit* (a "sworn document") in a judicial estoppel case. The affidavit in *Speich* concluded that matters contained in the petition were "true to [their] knowledge, except those stated on information and belief, which [they] believe to be true." The *Speich* court found that "such statements are not sufficient to invoke the doctrine of judicial estoppel." *Speich,* 702 S.W.2d at 200. The court in *Speich* cited *Burke v. Satterfield,* 525 S.W.2d 950 (Tex. 1975) as authority. In *Burke,* 525 S.W.2d at 955, the court held: "Unless authorized by statute, an affidavit is insufficient unless the allegations therein are direct and unequivocal and perjury can be assigned upon it." The *Burke* court found that the *verification* portion of an affidavit attached to a final accounting was insufficient that read: "read the accounting and allegations set out thereunder and the same are true and correct to the best of his knowledge." *Id.* at 955.

■ The *jurat* in appellant's affidavit is a correct oath and states "SIGNED AND SWORN TO before me on this 4th day of December, 1992." This appears beneath appellant's signature and is duly attested by a Texas notary public. Paragraph 3 of the affidavit prefaces the *factual* allegations in the body of the affidavit by stating, in pertinent part: "I have personal knowledge of the facts stated in this affidavit which relate to this lawsuit and its underlying facts." To be competent as summary judgment proof, an affidavit must affirmatively show that it is based on the personal knowledge of the affiant and state facts in a form that would be admissible in evidence at a trial. *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984). Where the affidavit does not specifically recite that the facts set forth are true, but does set out that it was made on affiant's personal knowledge, it satisfies the requirements of *Brownlee* and rule 166a of the Texas Rules of Civil Procedure. *Connor v. Waltrip,* 791 S.W.2d 537, 539 (Tex.App.—Dallas 1990, no writ); *Woods v. Applemack Enterprises, Inc.,* 729 S.W.2d 328, 329–30 (Tex.App.—Houston [14th Dist.] 1987, no writ). An affidavit is a "statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." *Perkins v. Crittenden,* 462 S.W.2d 565, 567–68 (Tex.1970); TEX. GOV'T CODE ANN. § 312.011(1). The jurat of an affidavit is a "certificate by a competent officer that the writing was sworn to by the person who signed it." *Acme Brick v. Temple Associates, Inc.,* 816 S.W.2d 440, 441 (Tex.App.—Waco 1991, writ denied). We find that Huckin's affidavit is not defective and sufficiently reflects that it was made on the personal knowledge of the affiant and is a *sworn* document that was used in a prior

lawsuit under the requirements of judicial estoppel.

■ In the body of Huckin's affidavit, some of his statements were qualified with phrases such as "I had no reason to think that . . ." and "to my knowledge." Appellant argues that his statements were thus equivocal and should not estop him. Rule 166a(f) of the Texas Rules of Civil Procedure states in pertinent part:

> Supporting and opposing affidavits shall be made on personal knowledge, *shall set forth such facts as would be admissible in evidence,* and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

A summary judgment affidavit must show affirmatively that it is based on personal knowledge and that the facts sought to be proved would be admissible in evidence at a conventional trial. *Einhorn v. LaChance,* 823 S.W.2d 405, 410 (Tex.App.—Houston [1st Dist.] writ dism'd). Where it appears that a witness is testifying to facts from his own observation but that his observation was uncertain, or his recollection is unclear he may qualify his testimony by the use of such phrases as "I believe," "I think," "It is my impression," without detracting from its admissibility. *Cirilo v. Cook Paint and Varnish Co.,* 476 S.W.2d 742, 751 (Tex.Civ. App.—Houston [1st Dist.] 1972, writ ref'd n.r.e.). In reading the affidavit in its entirety, we find that the factual statements made by appellant were admissible as evidence and they were clear, deliberate and unequivocal.

These sworn statements were made by Huckin initially to establish a good "delayed discovery" case against Kemper that became time-barred and lost because of Kerensky's alleged negligence in allowing the case to be dismissed for want of prosecution. To have stated in the Kerensky suit the position he asserts in this case would admit, in part, that his claim was barred by limitations and he would have had no case against Kerensky and the O'Quinn firm for malpractice. Huckin now finds it mandatory to completely negate this theory and now assert that the Kemper claims *were time-barred* by limitations. We find that the affidavit in response to the motion for summary judgment by

Kerensky in the Kerensky suit and the sworn deposition testimony therein is sufficient to establish a prior, contrary position in the preceding Kerensky lawsuit, made under oath, under the doctrine of judicial estoppel. We find that the sworn statements were deliberate, clear and unequivocal under *LaChance v. McKown,* 649 S.W.2d 658, 660 (Tex.App.—Texarkana 1983, writ ref'd n.r.e.). We overrule appellant's sub-point of error contending his affidavit in the Kerensky proceeding was not a clear and unequivocal assertion of a contrary position.

Appellant also argues that he did not successfully maintain his position on limitations in the Kerensky lawsuit and therefore, one of the requirements of judicial estoppel is missing. Appellees cite *Owen v. Knop,* 853 S.W.2d 638 (Tex.App.—Corpus Christi 1993, writ denied) as authority that appellant is judicially estopped to take his present position. In *Owen,* the plaintiff sued her former attorney in a legal malpractice action alleging that her attorney, Knop, failed to timely file a medical malpractice suit that diminished her settlement in a prior suit against her doctor for medical malpractice. In the medical malpractice action, the doctor and hospital had filed a motion for summary judgment alleging that her claim was barred by the two year statute of limitations. Owen responded and filed a verified response swearing that she had no knowledge of the negligence of the doctor that treated her until she was informed of the erroneous diagnosis by another doctor two years later. The trial court granted the defendants' motions for summary judgment finding that Owen failed to timely file her case. The court of appeals affirmed the trial court and the Texas Supreme Court reversed the court of appeals and remanded the case for trial finding that a fact issue existed regarding whether Owen knew or should reasonably have known of the negligence within two years of its occurrence. On remand, Owen settled her case with the doctor and the hospital before the trial began for $265,000.00. The trial court in *Owen* granted Knop's motion for summary judgment and found that Owen was judicially estopped to deny she had asserted a wholly contrary position in the medical malpractice

suit. The court of appeals in *Owen* found that Owen had settled her case before trial on the merits and had been successful in persuading the Texas Supreme Court to remand her case for trial on the merits. The court of appeals in *Owen* found that Owen had successfully *maintained* her position in the trial court. That is, the supreme court reversed and found that a *fact issue* existed on the limitations claim to be decided by the factfinder in the trial court. There was no *judgment* by the trial court in her favor on the issues pending in the case. The case never went to trial and was settled before trial. In short, she maintained her sworn position on "delayed discovery" of the negligence and would have been entitled to a trial on this issue. It is conceivable that a jury or judge could have agreed or disagreed with her maintained position but that issue never was tried. Owen's position was "successfully maintained" in that she convinced her opponents that she had a meritorious claim which resulted in a substantial settlement of her case.

In *Long*, 291 S.W.2d at 295, the supreme court found that success on the prior claim does not require a favorable judgment. Here, the prior suit brought by Knox was against a creditor who was trying to take execution on a judgment against W.C. Knox. W.C. Knox and his wife, Harryett H. Knox, filed an injunction suit against the creditor and had sworn in their pleadings that the property in question was the separate property of Mrs. Harryett H. Knox. The district court issued a restraining order temporarily restraining the sheriff from selling the property under execution. No hearing was had and no further order was entered in the case except for dismissal for want of prosecution. The creditor's attorney testified that after further conversation with Mr. Knox and his attorney, he came to the conclusion that he could not prevail and proceeded no further. In the case before the supreme court, the surviving daughter of W.C. Knox, deceased, by a prior marriage, brought suit against the surviving wife, Harryett H. Knox, in trespass to try title to determine whether the property was community property or separate property. The trial court found that the property was community property. The surviving wife appealed and the court of appeals reversed and rendered in favor of the wife finding that W.C. Knox had sworn in the injunction suit against the creditor that the property was Mrs. Knox's separate property and could not claim a contrary position by claiming the property was now community. The supreme court affirmed the court of appeals and found in pertinent part:

> Although the injunction suit was dismissed and the restraining order expired, the purpose of the affiant was accomplished as thoroughly as if a judgment had been entered in favor of the plaintiffs in that suit. The creditor was convinced and abandoned further efforts. Knox gained the advantage of preventing the property from being sold. Having thus sworn under oath in this judicial proceeding that his wife owned the property in her separate right he would not be heard now to maintain a contrary position in the absence of proof that the averment was made inadvertently or by mistake or by fraud or duress. There was not only no proof of this character but rather the evidence shows conclusively that the affidavit was made voluntarily, with full knowledge of all the facts and with the intention to prevent satisfaction of the judgment against him.

*Id.* at 295.

■ We find that the requirement of success on the claim in the prior proceeding was satisfied in this case in that Huckin successfully maintained his position in the Kerensky suit. His sworn affidavit in response to Kerensky's motion for summary judgment was sufficient to convince the trial court not to grant summary judgment on the issue of limitations as a bar to his tort claims against Kemper. As a direct result of being able to successfully maintain his position in the Kerensky suit and avoid summary judgment, he was able to favorably settle his case with his opponents. His purpose in the Kerensky suit was accomplished as if he had a judgment in that suit favorable to him. His opponents were convinced of the merits of his case and settled. We overrule appellant's sub-point of error concerning his claim that appellees failed to prove he maintained his position in the prior proceeding.

■ Appellant further argues that this suit is not a "subsequent action" that is inconsistent with a sworn position successfully asserted in a prior action. Appellant cites no authority in his brief to support this argument. A party waives a point of error by failing to provide supporting argument or authorities. *McPherson Enterprises, Inc. v. Producers Co–op.*, 827 S.W.2d 94, 96 (Tex. App.—Austin 1992, writ denied); Tex.R.App. P. 74(f). We overrule appellants subpoint of error concerning this claim that the present case is not a "subsequent action" that would be barred by judicial estoppel. We find that appellant is judicially estopped to assert this cause of action against appellees.

The trial court did not specify the grounds upon which the summary judgment was granted. We have found that one of the theories advanced in the motion by appellees in the trial court claiming bar of appellant's cause of action by judicial estoppel is meritorious. We find it unnecessary to address the remaining points of error because our finding that appellant is judicially estopped is sufficient to affirm the judgment of the trial court. *State Farm Fire & Casualty Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989). We overrule appellant's point of error one and all subpoints of error.

The judgment of the trial court is affirmed.