Mary Margaret GOGGIN, Appellant,

v.

**Ellen Elkins GRIMES, Appellee.**

**No. 14–97–00507–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 7, 1998.

John H. Ward, Houston, for appellant.

John B. Wallace, Gregg S. Weinberg, Houston, for appellee.

Before LEE, AMIDEI and FOWLER, JJ.

## OPINION

AMIDEI, Justice.

Mary Margaret Goggin (Goggin) appeals from a summary judgment in favor of Ellen Elkins Grimes (Grimes) in Goggin's legal malpractice suit against Grimes. In two points of error, Goggin contends (1) summary judgment was improper because res judicata did not bar her legal malpractice claim, and (2) Grimes' motion for summary judgment was not supported by proper summary judgment proof. We affirm.

Goggin hired Grimes, an attorney, to represent her in a divorce. Grimes withdrew and filed a petition in intervention for her attorney fees in Goggin's divorce case. Goggin filed an answer contesting Grimes' right

to recover attorney fees, and also made a claim for attorney fees for her newly retained attorney in the divorce case. The divorce decree awarded Grimes attorney fees and was not appealed by Goggin. About one year later, Goggin sued Grimes for legal malpractice in the handling of her divorce case. Grimes moved for summary judgment on the grounds that Goggin's malpractice claim was a compulsory counterclaim and, because she did not file a counterclaim in the underlying suit, her malpractice claim was barred by res judicata and collateral estoppel. The trial court granted Grimes' motion for summary judgment without specifying the grounds.

In order to prevail on summary judgment, the movant must disprove at least one of the essential elements of each of the plaintiff's causes of action. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991). This burden requires the movant to show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). In determining whether a material fact issue exists to preclude summary judgment, evidence favoring the nonmovant is taken as true, and all reasonable inferences are indulged in favor of the nonmovant. *Id.; see also Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex.1995). Any doubt is resolved in favor of the nonmovant. *Nixon*, 690 S.W.2d at 548–49; *see also Doe*, 907 S.W.2d at 477.

■ When a summary judgment does not specify the grounds upon which the trial court granted it, the reviewing court will affirm the judgment if any one of the theories advanced in the motion is meritorious. *State Farm Fire & Casualty Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989).

■ In point of error one, appellant contends res judicata does not bar her claim for legal malpractice because the malpractice claim did not accrue or mature until after the final divorce decree was entered. Appellant argues the "discovery rule" in limitation cases should also apply to this res judicata claim. We disagree.

■ In the underlying divorce action, Grimes withdrew from representation of Goggin before judgment was entered. The attorney-client relationship ended upon Grimes' withdrawal and no legal injury could occur after that because the attorney had no duty to the client (Goggin) at that point. *See Hall v. Stephenson*, 919 S.W.2d 454, 465 (Tex.App.—Fort Worth 1996, writ denied). Under the legal injury rule, the attorney's conduct must raise a risk of harm to the client's legally protected interest; the harm does not have to be finally established or an inevitable consequence of the conduct. *Id.* Under the legal injury rule, a cause of action sounding in tort generally accrues when the tort is completed, that is, the act committed and damage suffered. *McClung v. Johnson*, 620 S.W.2d 644, 646 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). The date of the legal injury is not the time it is discovered or the date when actual damage is fully ascertained. *Id.* The legal injury rule was set out in *Zidell v. Bird*, 692 S.W.2d 550, 555 (Tex.App.—Austin 1985, no writ), as follows:

> If the defendant's conduct results in an invasion of the plaintiff's legally protected interest, so that he may obtain an immediate remedy in court, his right of action "accrues" with the invasion, provided some legally cognizable injury, however slight, has resulted from the invasion or would necessarily do so. The defendant's conduct is in such case, categorized as "unlawful." Conversely, if no right of redress exists by reason of the defendant's conduct, because no legally protected interest of the plaintiff has been invaded at the time of the conduct complained of, the defendant's conduct is categorized as "lawful" and any cause of action based thereon does not accrue until some invasion of the legally protected interest does occur [citations omitted].

*Id.* at 555.

■ When Grimes intervened and sued Goggin for her attorney fees in the same pending divorce action, Goggin suffered a "legally cognizable injury" because Grimes intended to collect $6,738.83 from her for Grimes' alleged "unlawful" malpractice. The

"discovery rule" does not apply to this situation because Grimes pleaded res judicata barred Goggin's malpractice action, not the statute of limitations. Because Goggin did not make a compulsory counterclaim pursuant to rule 97(a), Texas Rules of Civil Procedure, in the underlying divorce action, Grimes contended her subsequent malpractice action was barred by res judicata. Goggin filed an answer to Grimes' intervention plea denying she owed Grimes anything, and also claimed she should be awarded her attorney fees for the services of her replacement lawyer. However, Goggin failed to counterclaim damages for legal malpractice at that point.

A claim of attorney malpractice has been held a compulsory counterclaim to a claim for attorneys' fees under Rule 97(a). *CLS Associates, Ltd. v. A_____ B_____,* 762 S.W.2d 221, 224 (Tex.App.—Dallas 1988, no writ). In this case, the issue of malpractice, and other actions pleaded by Goggin, all arose from the same transaction as the attorney's fees. Because Goggin chose not to counterclaim for these actions, all claims are barred by res judicata. *Id. See Ogletree v. Crates,* 363 S.W.2d 431, 435 (Tex.1963) (res judicata bars litigation of all issues connected with a cause of action which, with the use of all diligence, might have been tried, as well as those which were actually tried). Appellant's point of error one is overruled.

■ In point two, appellant contends summary judgment was improper because Grimes' summary judgment affidavit was defective. Goggin argues that Grimes did not state the facts in the body of the affidavit were true. In support of her motion for summary judgment, Grimes attached copies of various documents in the underlying divorce action. All the documents were attached to her affidavit, listed and identified in her affidavit, and sworn to be true and correct copies of all the original documents on file in that cause. Grimes stated she made her affidavit on her own personal knowledge.

■ To be competent as summary judgment proof, an affidavit must affirmatively show that it is based on the personal knowledge of the affiant and state facts in a form

that would be admissible in evidence at a trial. *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984); *Huckin v. Connor,* 928 S.W.2d 180, 183 (Tex.App.—Houston [14th Dist.] 1996, writ denied). An affidavit is a "statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." *Perkins v. Crittenden,* 462 S.W.2d 565, 567–68 (Tex.1970); *Huckin,* 928 S.W.2d at 183.

Ms. Grimes stated she was "fully competent and qualified to make this affidavit on my own personal knowledge." She then set out how she became personally familiar with the facts so as to be able to testify as a witness. She stated she was the attorney for Goggin in the underlying divorce, until she withdrew. She stated she then intervened for her fees. She stated that Exhibits A through D (notice of substitution of counsel, plea in intervention, Goggin's original answer, and the final decree of divorce) were true and correct copies of the "originals and are what they purport to be." She signed the affidavit which was sworn to and subscribed before a notary public.

■ "Where the affidavit does not specifically recite that the facts set forth are true, but does set out that it was made on affiant's personal knowledge, it satisfies the requirements of *Brownlee* and rule 166a of the Texas Rules of Civil Procedure." *Huckin,* 928 S.W.2d at 183. Ms. Grimes further stated how she was personally familiar with the documents; she was an attorney in the proceedings, an intervening party, and was awarded attorney fees in the final decree. An affidavit must affirmatively show how the affiant became personally familiar with the facts so as to testify as a witness, and a self-serving recitation of such does not satisfy the requirement. *Villacana v. Campbell,* 929 S.W.2d 69, 74 (Tex.App.—Corpus Christi 1996, writ denied). The supreme court has held that copies of documents which are attached to a properly prepared affidavit are sworn copies within the meaning of rule 166a(f), Texas Rules of Civil Procedure. *See Republic Nat. Leasing Corp. v. Schindler,*

717 S.W.2d 606, 607 (Tex.1986). We find the affidavit complied with rule 166a, Texas Rules of Civil Procedure, and was "made on personal knowledge," did "set forth such facts as would be admissible in evidence," and did "show that the affiant is competent to testify to matters stated therein." TEX.R. CIV. P. 166a(f). We overrule appellant's point of error two and affirm the judgment of the trial court.