**Reversed and Remanded and Opinion filed August 30, 2012.**



In The

# Fourteenth Court of Appeals

NO. 14-11-00588-CV

**ELIJAH BUFFINGTON, Appellant**

**V.**

**GLEN MICHAEL SHARP, Appellee**

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 08-CV-0830**

## O P I N I O N

This is an appeal of a summary judgment granted in a legal-malpractice case. The client sued his former lawyer, alleging the lawyer was negligent in the preparation and filing of the client's bankruptcy petition. The trustee of the bankruptcy estate obtained a settlement of all claims for alleged conduct occurring before filing the bankruptcy petition. The client amended his petition to base his negligence claim only on alleged conduct occurring after filing of the bankruptcy petition. The lawyer sought and obtained summary judgment on res judicata grounds. We reverse the trial court's summary judgment because the lawyer's summary-judgment evidence did not facially establish his

right to judgment as a matter of law on the client's negligence claim, which is based upon alleged conduct occurring after the client filed for bankruptcy.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 26, 2007, appellant Elijah Buffington filed a voluntary bankruptcy petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas—Houston Division. Appellee Glenn Michael Sharp, a Texas attorney, represented Buffington in the preparation and filing of the bankruptcy petition. Sharp withdrew from the representation about four months later. The following year, Buffington filed a malpractice claim against Sharp in the 212th Judicial District Court in Galveston County, Texas, essentially alleging that Sharp was negligent in filing the petition under Chapter 7 of the Bankruptcy Code. In March 2010, the bankruptcy trustee, Robbye R. Waldron, intervened and sought to settle and compromise the claim on behalf of the bankruptcy estate. After a hearing on the trustee's "Motion to Compromise Controversy Under Bankruptcy Rule 9019," the bankruptcy court made the following relevant findings:

- "[A]ll causes of action that arose or are related to events that occurred on or before April 26, 2007 [the filing date of the chapter 7 bankruptcy] are property of the bankruptcy estate."
- "This court makes no determination as to the viability or value of any cause of action that arose or is related to events that occurred after April 26, 2007."
- "Nothing in the proposed compromise prevents Debtor from prosecuting any cause of action that arose or is related to events that occurred after April 26, 2007."

Buffington appealed that ruling to the United States District Court. Because the facts of the case were undisputed, on appeal, the district court's only decision was whether the bankruptcy court made a proper application of law to the facts. The district court found that "the acts that constitute malpractice occurred prior to the filing of the petition in bankruptcy," and affirmed the decision of the bankruptcy court.

On March 25, 2010, Buffington filed a third amended original petition, which was his live petition when the trial court granted summary judgment. In this petition, Buffington stated that "this is a legal malpractice case that arises out of actions taken by Defendant Glen Michael Sharp after he filed a bankruptcy petition on behalf of Plaintiff Elijah Buffington, on April 26, 2007." Buffington pleaded that "[a]ll of the actions complained of, and all of the resulting damage, occurred on or after April 27, 2007, the day after the filing of the bankruptcy petition." Buffington expressly stated that "[Buffington] does not assert any claims arising out of the pre-petition representation by [Sharp,] and none of the damages, alleged herein, occurred or accrued pre-petition." In this petition, Buffington asserted that Sharp committed the following alleged negligent acts:

(1) filing an unsigned amendment of the claim exemptions, which occurred after the filing of the bankruptcy claim. [. . .];

(2) failing to advise [Buffington] that a bankruptcy petition filed under Chapter 7 of the Bankruptcy Code would, most likely, not permit [Buffington] to continue to operate his business; on April 27, 2007 and thereafter, [Sharp] knew that [Buffington] operated a business and intended to keep operating the business during the pendency of the bankruptcy proceeding;

(3) failing to file a motion to convert the case to one under Chapter 11 of the Bankruptcy Code, which would, at least, hold out the prospect of [Buffington] being able to operate his business during the pendency of the bankruptcy proceeding; and

(4) failing to protect the client's interest after [Sharp] filed a Motion to Withdraw. [Sharp] had a continuing duty to protect the client's interest even after he filed a Motion to Withdraw, which duty did not end until the court granted the Motion. [Sharp] should have protected the client's interest by filing a motion to convert the case to one under Chapter 11.

After Buffington filed this amended petition, Sharp filed a traditional motion for summary judgment, arguing that Buffington's claim is a pre-petition claim subsumed as property of the bankruptcy estate pursuant to the bankruptcy court's settlement order granting the trustee's "Motion to Compromise the Controversy." Sharp also asserted that Buffington's negligence claim has no merit. Sharp sought to dismiss Buffington's claim

3

on res judicata grounds, based upon the settlement in the bankruptcy court. Sharp attached the following evidence in support of his traditional motion for summary judgment:

- The district court's order and judgment affirming the bankruptcy court's authorization of the compromise and settlement of the claims that arose on or before April 26, 2007, the date Buffington filed for bankruptcy;

- An exhibit consisting of a court reporter's affirmation of the accuracy of Buffington's testimony at the bankruptcy proceeding, and Buffington's testimony about the retainer agreement between Sharp and Buffington as proof that Buffington knew he was filing Chapter 7 bankruptcy;

- An exhibit consisting of several pages of the signed retainer agreement between Sharp and Buffington for filing the Chapter 7 petition in the bankruptcy court;

- An exhibit consisting of Buffington's deposition testimony about filing the petition, being counseled on bankruptcy, and choosing Chapter 7 instead of Chapter 11 or 13 in addition to the signed bankruptcy petition filed by Buffington, and a signed statement acknowledging credit counseling;

- An exhibit consisting of Buffington's deposition testimony about counseling he received on the differences between the various chapters of the Bankruptcy Code and documents signed by Buffington acknowledging the different chapters of the Bankruptcy Code available to him;

- Buffington's testimony that he understood he did not qualify for a Chapter 13 bankruptcy before he filed his bankruptcy petition; and

- Two exhibits in which Buffington testified or gave deposition testimony in which he pleaded the Fifth Amendment several times or admitted lying to a lending institution.

In response, Buffington referred to his third amended petition and asserted that his "post-petition" claim, as reflected in the live pleadings, is not barred by res judicata. In a written order dated May 5, 2011, the trial court granted summary judgment in favor of Sharp, dismissing Buffington's negligence claim with prejudice.

Buffington now challenges the trial court's judgment, asserting in four issues that

4

the trial court erred in granting summary judgment because in his live petition Buffington alleged negligence based solely on Sharp's alleged post-petition conduct.

## STANDARD OF REVIEW

In a traditional motion for summary judgment, if the movant's motion and summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

## ANALYSIS

Buffington asserts in his fourth issue that the bankruptcy court specifically held that only pre-petition malpractice claims were subject to the settlement and compromise and that the live pleadings contain only a negligence claim based upon alleged conduct of Sharp that allegedly occurred after he filed the bankruptcy petition. Sharp does not dispute that only pre-petition claims could have been property of the estate and subject to the Motion to Compromise. Instead, Sharp contends the relevant question in this appeal is whether the claim alleged by Buffington in his live petition accrued pre-petition such that it is barred by res judicata.

The bankruptcy court held that all claims by Buffington against Sharp that arose on or before the filing date of April 26, 2007, were property of the bankruptcy estate. The bankruptcy court expressly limited its holding to those claims that "arose or [are] related to events that occurred on or before April 26, 2007," and made no determination

5

as to any claims arising from or related to events occurring after April 26, 2007. The appellate record does not contain the original petition Buffington filed. When the bankruptcy court approved the settlement, Buffington was alleging negligence based upon Sharp's alleged pre-petition conduct, but Buffington was no longer alleging negligence based upon pre-petition conduct when the trial court granted Sharp's summary-judgment motion. Therefore, any claim by Buffington based upon Sharp's pre-petition conduct is not at issue in this appeal.

As to the claim alleged in Buffington's live petition, Sharp argues that this claim relates to the triggering events on or before April 26, 2007, and, therefore, it is included in the bankruptcy trustee's settlement of the estate's negligence claims and barred by res judicata. Thus, we must determine whether the bankruptcy court's judgment on the settlement effectively disposed of the claim alleged by Buffington in his live petition. Res judicata, or claim preclusion, prevents the relitigation of a finally-adjudicated claim and related matters that should have been litigated in a prior suit. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992). For res judicata to apply, the following elements must be present: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Igal v. Brightstar Information Technology Group, Inc.*, 250 S.W.3d 78, 86 (Tex. 2008). *See Republic Supply Co. v. Shoaf*, 815 F.2d 1046, 1051 (5th Cir. 1987). Bankruptcy judgments can have res judicata effect. *Geary v. Tex. Commerce Bank*, 967 S.W.2d 836, 837 (Tex. 1998) (per curiam).

Federal bankruptcy law determines the scope of a debtor's estate. *In re Segerstom*, 247 F.3d 218, 223–24 (5th Cir. 2001); *see Grabar v. Fuqua*, 279 S.W.3d 608, 619 (Tex. 2009). The commencement of a case in bankruptcy creates an estate comprised of all of a debtor's legal or equitable interests in property, including any claim belonging to the debtor as of the commencement of the case. *See* 11 U.S.C.A. § 541(a)(1); *Douglas v. Delp*, 987 S.W.2d 879, 882 (Tex. 1999). A debtor's pre-petition

6

rights to such property, including claims, are determined according to state law. *Butner v. United States*, 440 U.S. 48, 55, 99 S. Ct. 914, 918, 59 L. Ed. 2d 136 (1979); *see Douglas*, 987 S.W.2d at 883; *Dauter-Clouse for Benefit of Bankruptcy Estate of Johnston v. Robinson*, 936 S.W.2d 329, 331 (Tex. App.—Houston [14th Dist.] 1996, no writ). We consider as questions determined by state law whether Buffington had a property interest in the negligence claim in his live petition as of the commencement date of the bankruptcy case. *See In re Segerstom*, 247 F.3d at 223; *see also Douglas*, 987 S.W.2d at 883. A claim is the property of the bankruptcy estate if, at the commencement of the case, the debtor could have brought the claim under applicable state law. *In re Segerstom*, 247 F.3d at 223.

The accrual of a claim is a question of law, which we review *de novo*. *Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex. 1988*). Buffington's claim against Sharp accrued when Buffington allegedly sustained a legal injury or, if the case is governed by the discovery rule, when Buffington discovered or should have discovered the facts establishing the elements of his claim. S*ee Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 156 (Tex. 1991). *See also S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996) (legal injury rule); *Willis*, 760 S.W.2d at 646 (discovery rule). A person suffers legal injury from faulty professional advice when the advice is taken and, in essence, when the tort is completed by both the act or omission and the damage suffered. *See Murphy v. Campbell*, 964 S.W.2d 265, 270 (Tex. 1997); *Smith v. McKinney*, 792 S.W.2d 740, 742 (Tex. App.—Houston [14th Dist.] 1990, writ denied). In conducting a *de novo* review of the trial court's summary judgment, we are not faced with any issues of material fact. Our task is to determine the accrual date of Buffington's claim. We make no inquiry into the merits of the case, but instead consider only when Sharp's negligence allegedly occurred and when it allegedly caused Buffington damage. *See Eiland v. Turpin, Smith, Dryer, Saxe, & McDonald*, 64 S.W.3d 155, 158 (Tex. App.—El Paso 2001, no pet.); *see also Smith*, 792 S.W.2d at 742.

In the live pleadings, Buffington alleges the following negligent conduct: (1)

Sharp allegedly filed an unsigned amendment of claim exemptions following the filing of the bankruptcy petition; (2) after filing the petition, Sharp allegedly failed to advise Buffington that he could not operate his business under a Chapter 7 bankruptcy; (3) after filing the bankruptcy petition, Sharp allegedly failed to convert the filed bankruptcy petition to one under Chapter 11; and (4) Sharp allegedly failed to protect Buffington's interest after Sharp filed a Motion to Withdraw, an act that occurred after the bankruptcy petition was filed. According to the live pleadings, Buffington suffered damages proximately caused by the alleged negligence because, in August 2007, a restraining order was entered forbidding him from entering the premises to his business warehouse or operating his business and an injunction was granted allowing the trustee to take possession of and ultimately sell the business's assets.

Presuming for the sake of argument that Buffington's claim is a viable one, Sharp alleges that Buffington's damages occurred only after the bankruptcy petition was filed. *See In re Swift*, 129 F.3d 792, 800 (5th Cir. 1997) (providing that no damage was suffered until a creditor objected to an exemption after debtor filed for bankruptcy); *In re Swift*, 198 B.R. 927, 931 (Bankr. W.D. Tex. 1996) (holding the negligence claim accrued post-petition because the action on which it was based occurred post-petition). *See also Goggin v. Grimes*, 969 S.W.2d 135, 137 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (providing that the legal injury from the alleged negligence occurred when the attorney withdrew from representation). Buffington asserts that Sharp was negligent post-petition and that he suffered post-petition damages. If Buffington is successful in proving that he sustained damages and that the damages did not occur pre-petition, then Buffington's claim is not barred by res judicata. The trial court erred in granting summary judgment on that basis.[1]

In his motion for traditional summary judgment, Sharp also stated that Buffington's claim lacks merit. On appeal, Sharp does not mention any ground in his

---

[1] In reaching this conclusion, we express no opinion whatsoever regarding the merits of Buffington's claims.

summary-judgment motion other than res judicata. We presume for the sake of argument that Sharp asserted as a traditional summary-judgment ground that Buffington's negligence claim fails as a matter of law. To prevail in this regard, Sharp must have disproved at least one of the essential elements of Buffington's negligence claim. *See Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex. 1991); *Goggin*, 969 S.W.2d at 137. Generally, in the context of a negligence claim by a client against a litigation attorney, expert testimony is required on the elements of breach of duty and causation. *See Alexander v. Turtur & Assocs., Inc.*, 146 S.W.3d 113, 119–20 (Tex. 2004); *Cooper v. Harris*, 329 S.W.3d 898, 902 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). Sharp's traditional motion for summary judgment failed to include any such expert testimony. On this record, we conclude that Sharp's motion and evidence failed to conclusively negate any of the essential elements of Buffington's claim. Therefore, the trial court erred in granting summary judgment to the extent Sharp asserted that Buffington's negligence claim fails as a matter of law. *See Alexander*, 146 S.W.3d at 121 (providing that expert testimony failed to support causation on claims for attorney negligence stemming from underlying bankruptcy litigation); *Anderson*, 808 S.W.2d at 55 (reversing order on summary judgment because expert testimony on causation in a legal-malpractice action was incompetent to support summary judgment as a matter of law). To have prevailed on his summary-judgment motion, Sharp had to have facially established his right to judgment as a matter of law, and he failed to do so. *See Anderson*, 808 S.W.2d at 55. We sustain Buffington's four issues on appeal.

## Conclusion

Buffington's negligence claim, as pleaded in his third amended petition, is based solely upon Sharp's alleged post-petition conduct and is a post-petition claim. The trial court erred by impliedly concluding that this post-petition claim was barred by the bankruptcy court's order. To the extent Sharp asserted that Buffington's negligence claim fails as a matter of law, Sharp failed to carry his burden of conclusively negating an essential element of this claim. Accordingly, the trial court improperly granted summary

judgment in favor of Sharp.  We reverse the trial court's judgment and remand for further proceedings in accordance with this opinion.


/s/      Kem Thompson Frost
Justice


Panel consists of Justices Frost, Brown, and Christopher.