**Petition for Writ of Mandamus Denied and Memorandum Opinion filed March 4, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-01059-CV

## IN RE APPROXIMATELY $61,083.00, JIMMY SAMUEL, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**157th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-71992**

## MEMORANDUM OPINION

On November 25, 2013, relator Jimmy Samuel filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Randy Wilson, presiding judge of the 157th District Court of Harris County, to vacate an order granting a motion pursuant to Texas Rule of Civil Procedure 198.3 to withdraw deemed admissions. On February 18, 2014, relator filed a supplemental petition for

writ of mandamus, reiterating the claims in his original petition, and further asking this Court to compel the trial court to vacate an order denying relator's renewed motion for summary judgment. We deny relator's original petition and supplemental petition.

## BACKGROUND

Real party in interest the State of Texas, represented by the Harris County District Attorney's Office, commenced on December 5, 2012 an asset forfeiture proceeding pursuant to Chapter 59 of the Texas Code of Criminal Procedure with respect to approximately $61,083.00 in U.S. currency previously seized from relator Jimmy Samuel. Relator filed an answer to the forfeiture petition on January 25, 2013, and on the same day served the State with discovery requests in the form of interrogatories, requests for admissions, requests for production, and requests for disclosure. As relevant here, the requests for admissions included thirteen individual requests, many of which pertained directly to the merits of the State's forfeiture claim.

Instead of responding to the requests for admissions, the State filed a motion for protective order and motion to abate on February 15, 2013, requesting the trial court to stay all proceedings, including discovery, until disposition of the underlying criminal investigation and any resulting prosecution, or at least until July 2013. Relator objected to the State's motion, and requested the court set the matter for an oral hearing. The trial court, however, did not set a hearing date for the motion, and it remained pending on the trial court's docket without resolution. Given the pendency of its motion for protective order and abatement, the State did not respond to the requests for admissions.

2

On August 14, 2013, relator moved for summary judgment based on the requests having been deemed admitted by operation of Texas Rule of Civil Procedure 198.2(c) due to the State's lack of a response to the requests. On September 6, 2013, the State filed a "Motion to Strike Alleged Deemed Admissions" pursuant to Texas Rule of Civil Procedure 198.3. The trial court held a hearing on the motion to strike on September 13, 2013, and ruled that the requests were not deemed admitted against the State, but, if they were, the court granted the State's motion to strike the admissions pursuant to Rule 198.3. Relator then filed his original petition for writ of mandamus.

On November 27, 2013, relator renewed his motion for summary judgment before the trial court, asserting that his requests for admissions were once again deemed admitted by operation of Texas Rule of Civil Procedure 198.2(c) due to the State's alleged failure to timely respond to the requests following the trial court's September 13, 2013 ruling. On January 23, 2014, the trial court denied relator's renewed motion for summary judgment. Relator then filed his supplemental petition for writ of mandamus.

## THE MANDAMUS STANDARD

Generally, mandamus relief is appropriate only when the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). "A trial court abuses its discretion if it clearly fails to analyze the law correctly or apply the law correctly to the facts." *In re USA Waste Mgmt. Res., L.L.C.*, 387 S.W.3d 92, 96 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding). As the party seeking

3

relief, the burden to demonstrate entitlement to mandamus is on relator. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

ANALYSIS

The Texas Rules of Appellate Procedure set forth specific requirements concerning the documentation necessary to support a petition for writ of mandamus. Specifically, relator is required to file an appendix containing "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." Tex. R. App. P. 52.3(k)(1). Also, relator is required to file a record containing "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding," as well as "a properly authenticated transcript of any relevant testimony from any underlying proceeding." Tex. R. App. P. 52.7(a). Further, relator must certify that "every factual statement in the petition is supported by competent evidence included in the appendix or record." Tex. R. App. P. 52.3(j). Relator does not comply with these rules here.

As an initial matter, relator does not include a "certified or sworn copy" of the trial court's order granting the State's motion to withdraw deemed admissions or of the other documents included in the appendix to his original petition. Although relator includes a "certification" at the beginning of his appendix in the style of an affidavit, it lacks the attestation of a notary public or other official as required for a sworn affidavit. *See In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding) ("An affidavit is a 'statement in writing of a fact or facts signed by the party making it, *sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office*.'")

4

(quoting *Goggin v. Grimes*, 969 S.W.2d 135, 138 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (emphasis added). Relator's certification also does not satisfy the requirements for an unsworn declaration. *See* Tex. Civ. Prac. & Rem. Code § 132.001. In addition, there is other relevant information relator cites in his original petition that he omits from his appendix, and relator does not include an appendix with his supplemental petition. Consequently, there are several instances in both his original petition and supplemental petition where relator refers to facts that have no documentation in support.

Relator is asking this Court to determine that the trial court abused its discretion, but does not provide documentation sufficient to demonstrate how the trial court analyzed the law, what facts were before the court, or how the court applied that law with respect to those facts. As relator acknowledges, a trial court may allow the withdrawal of deemed admissions upon the showing of good cause and no undue prejudice. *Marino v. King*, 355 S.W.3d 629, 633 (Tex. 2011) (per curiam) (citing Tex. R. Civ. P. 198.3). Moreover, a trial court has "broad discretion to permit or deny the withdrawal of deemed admissions," although the court "cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles." *Marino*, 355 S.W.3d at 633. Thus, to demonstrate an abuse of discretion here, relator would have to prove, with reference to documents in the record, that the trial court could not permissibly have concluded that the standards in Rule 198.3 were satisfied based on the facts before it. But without more information about what occurred before the trial court, relator cannot make such a demonstration.

5

"This court cannot make a sound decision based on an incomplete picture. But that is precisely what relator is asking us to do by her failure to provide a sufficient mandamus record." *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). Without a complete picture of what facts were before the trial court and how the court applied the law to those facts in reaching its decision, this Court does not have a basis on which to conclude that the trial court abused its discretion. *See id.* at 814 ("[I]n the final analysis, this court cannot and will not find an abuse of discretion on an incomplete record."). It is relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief. *See Walker* 827 S.W.2d at 837. Relator has not satisfied his burden.

## CONCLUSION

For the foregoing reasons, we deny relator's original petition and supplemental petition for writ of mandamus.


PER CURIAM

Panel Consists of Justices McCally, Busby, and Wise.