ACCEPTED
01-15-00430-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/25/2015 9:05:44 PM
CHRISTOPHER PRINE
CLERK

NO.01-15-00430-CV

# IN THE FIRST COURT OF APPEALS HOUSTON, TEXAS

_____

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
5/25/2015 9:05:44 PM
CHRISTOPHER A. PRINE
Clerk

## IN RE OLUBUNMI OGUNDOKUN AND AHMED GIWA;

## RELATORS

---

RESPONSE MOTION TO STRIKE DEFECTIVE AFFIDAVIT AND DENY

EMERGENCY MOTION TO CLARIFY AND/OR RECONSIDER STAY OF

VISITATION, OR IN THE ALTERNATIVE, REQUEST TO ABATE

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
5/26/2015 8:00:00 AM
CHRISTOPHER A. PRINE
Clerk

_____

**On Petition For A Writ Of Mandamus From Cause No. 2015-02330J
From the 314th Juvenile District Court of Harris County, Texas
(The Honorable John Phillips)**

_____

ATTORNEYS FOR RELATORS

PARCHMAN LAW GROUP PLLC
Jon Parchman,
State Bar No. 24085517
K.C. Ghanean
State Bar No. 24090123
21 Waterway Ave., Suite 300
The Woodlands, Texas 77380
Telephone: (713) 518-1902
Facsimile: 1-(832) 442-5665
Jparch01@gmail.com
kcghanean@gmail.com
Counsel for Relators Olubunmi
Ogundokun and Ahmed Giwa

1

TO THE HONORABLE COURT OF APPEALS:

This response motion is brought pursuant to Tex. R. App. P. 10.1(b) by the Relators, Olubunmi Ogundokun and Ahmed Giwa, to request that this Court strike the defective affidavit attached to and dismiss the real party in interest, Department of Family & Protective Services, [hereinafter "Department"] Emergency Motion to Clarify and/or reconsider Stay of Visitation, or in the Alternative, Request to abate to Trial Court filed on May 22nd, 2015, and in support shows the following:

## I. BACKGROUND

Relators are the parents of a young child taken by the Department into their custody on April 15, 2015, based on allegation of medical neglect. On April 28, 2015, the Trial Court held an adversary hearing, after which the Department was named temporary managing conservators of the child.

On May 7, 2015, Relator's filed a Petition for Writ of Mandamus in order to vacate the April 28, 2015 trial court order which granted the Department temporary conservatorship. The writ was based on the Department's failure to present sufficient evidence to demonstrate a substantial risk of continuing danger to the child if he was returned home, as is required under Tex. Fam. Code §262.201(b), as well as failure to demonstrate a danger to the physical health or safety of the child and failure to show reasonable efforts were made to return the child home.

2

Along with the Writ, Relator's also filed an Emergency Motion for Stay Pending Review of Writ of Mandamus on May 7. 2015, as the limited access granted to the Relators was resulting on harm to the child. On May 8, 2015, this Court granted the Emergency Stay with the portion of the April 28, 2015 temporary orders that limited the Relator's visitation with and access to the child.

On May 22, 2015, the Department filed its own Emergency Motion to Clarify and/or Reconsider the Stay of Visitation, or in the Alternative, Request to Abate to Trial Court.

## II. Argument

In the Department's Emergency Motion, the Department referred to the UT Physician Affidavit in several instances. In order to present the affidavit, the Department cited to Tex. R. App. P. 10.2, which allows for the inclusion of an affidavit when it contains information that is not in the record but relative for the purposes of the motion. However, Tex. R. App. P. 10.2 does not allow the inclusion of a defective affidavit as the UT Physician Affidavit is.

The "affidavit" that the Department is relying on to demonstrate some of the "significant additional information" is not really an affidavit per se, but rather a notarized letter sent to the Department at their request as a status update. Although the "affidavit" has been notarized, it is wholly lacking in many of the key requirements necessary for an affidavit to be considered.

3

An affidavit is a "statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office."  Tex. Gov't. Code. Ann. §312.011(1) (Vernon 2005).  The Supreme Court of Texas has determined that for an affidavit to have any probative value, "an affiant must swear that the facts presented in the affidavit reflect his personal knowledge." *In re DuPont de Nemours & Co.*, 136 S.W.3d 218, 224 (Tex. 2004). This "affidavit" contains no such language that indicates that the information presented was based on either of the two doctors who signed it personal knowledge.

In fact there is no indication that the doctors who signed it swore to anything at all.  After relaying the information, the "affidavit" ends with the word "Sincerely" followed by the signature of the two doctors alongside the signature and stamp of a notary.  There is no jurat which is a "certificate by a competent officer that the writing was sworn to by the person who signed it." *Huckin v. Connor*, 928 S.W.2d 180, 183 (Tex. App.—Houston [14th Dist.] 1996) The "affidavit" is merely a letter with no probative value and its inclusion with the Department's motion was improper.

The Emergency Motion filed by the Department is depending on facts that are "not in the record, "not within the court's knowledge in its official capacity" and "not within the personal knowledge of the attorney signing the motion",  it is

required to be verified under Tex. R. App. P. 10.2. Furthermore, the UT Physician's "affidavit" is not an affidavit at all. The result is that certain key facts the Department are relying on in their motion are not verified as required. Therefore, the motion is improper and must be dismissed.

## VII. PRAYER

Plaintiffs pray that the Court grant them the following relief:

a. Strike the defective affidavit filed with the Department's Emergency Motion.

b. Dismiss the Department's Emergency Motion.

c. Award all other relief as the Court deems just and proper.

Respectfully submitted,

PARCHMAN LAW GROUP
P.L.L.C.
By:

*Jon Parchman*
_____

Jon Parchman
State Bar No. 24085517
K.C. Ghanean
State Bar No. 24090123
21 Waterway Ave., Suite 300
The Woodlands, Texas 77380
Telephone: (713) 518-1902
Facsimile: (832) 442-5665
Jparch01@gmail.com
kcghanean@gmail.com
ATTORNEY FOR RELATORS

## CERTIFICATION OF FACTS AND RECORDS

This certifies that the undersigned has reviewed this Motion and concluded that every factual statement in it is supported by competent evidence included in the appendix or record.

*Jon Parchman*
Jon Parchman


## CERTIFICATION OF CONFERENCE

Pursuant to the requirements of Tex. R. App. P. 10.1(5), the undersigned attorney contacted counsel for the Real Party in Interest the Department of Family Protective Sercices via email regarding the errors with the "UT Affidavit" and their motion, but did not yet receive a response.

*Jon Parchman*
Jon Parchman


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above was served on the following parties and/or attorneys of record via facsimile and or electronic mail in accordance with the Texas Rules of Civil Procedure on 5/26/15:

The Honorable John Phillips
134th Juvenile District Court – Harris County
1200 Congress, 5th Floor
Houston, Texas 77002

**Counsel for Real Party in Interest DFPS**
Vince Ryan
Harris County Attorney
1019 Congress, 15th Floor
Houston, Texas  77002
Tel:    (713) 274-5220
Fax:    (713) 437-4700

**Counsel for Real Party in Interest A.G.**
William B. Connolly
Attorney Ad Litem
Connolly & Shireman, L.L.P.
2930 Revere St., Suite 300
Houston, TX 77098
Tel:    (281) 506-0086
Fax:    (713) 520-6644

*Jon Parchman*

Jon Parchman
Attorney for Relators

6